J-S46007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL K. KELLY | : | |
| | : | |
| Appellant | : | No. 147 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 5, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003204-2015

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                          **FILED MAY 01, 2020**

Michael K. Kelly appeals from the judgment of sentence entered on

December 5, 2018, following his guilty plea to 50 counts of sexual abuse of

children (possession of child pornography).[1] He claims his classification as a

sexually violent predator ("SVP") pursuant to Subchapter H of the

Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA

II")[2] is unconstitutional in light of ***Commonwealth v. Muniz***, 164 A.3d 1189

(Pa. 2017), and ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017)

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 6312(d).

[2] ***See*** 42 Pa.C.S.A. §§ 9799.10-9799.41. Subchapter H imposed certain
obligations on offenders who committed offenses on or after December 20,
2012. Kelly committed the offenses on April 13, 2015, when he was found in
possession of the child pornography.

("**Butler I**"). Additionally, he challenges the sufficiency of the SVP finding. Based on the following, we affirm.

On October 15, 2015, Kelly entered an open guilty plea to possessing approximately 50 videos or images of children under 13 years of age engaging in sexual activity. At the June 26, 2018 SVP hearing, Dr. Jennifer Hahn, Ph.D., a member of the Pennsylvania Sex Offender Assessment Board ("SOAB"), testified that Kelly suffered from a pedophilic disorder, which would make him likely to engage in predatory sexually violent acts.

Subsequently, at sentencing, the trial court designated Kelly an SVP based on a clear and convincing evidence standard. **See** N.T., 12/5/2018, at 31. Kelly was notified of his registration requirements as an SVP under Subchapter H. **See id.** at 32-33. The trial court then sentenced him to not less than one, nor more than four years' incarceration, followed by a term of ten years' probation. Kelly did not file post-sentence motions, but did file a timely notice of appeal.[3]

---

[3] The trial court imposed Kelly's judgment of sentence on December 5, 2018. Therefore, he had until January 4, 2019 to file a timely notice of appeal. Kelly's *pro se* notice of appeal was docketed on January 7, 2019; however, it was dated January 4, 2019. Accordingly, pursuant to the prisoner mailbox rule it was timely. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Furthermore, we note that Kelly, though represented by counsel, filed his notice of appeal *pro se*. "This Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel." **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). Consequently, we hold that Kelly's notice of appeal was timely.

- 2 -

In his first issue, Kelly argues his designation as an SVP is unconstitutional following **Muniz** and **Butler I**. Kelly asserts the "paucity of changes found in Act 29 do nothing to make the SVP provisions less punitive." Appellant's Brief, at 14. Consequently, he contends that because the SVP designation provisions still provide that the trial court determine SVP status by clear and convincing evidence, his SVP designation is unconstitutional and must be vacated.

A challenge to the legality of a sentence is a question of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary. **See Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa. Super. 2012).

At the time when Kelly filed his brief, the state of case law concerning SORNA and SVPs was in flux. In **Muniz**, the Pennsylvania Supreme Court concluded the registration requirements of SORNA I,[4] as applied retroactively, were punitive pursuant to the seven-factor test set forth by the United States Supreme Court in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963), and therefore unconstitutional under the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **See Muniz**, 164 A.3d at 1223.

Subsequently, in **Butler I**, a panel of this Court, relying upon **Muniz**, concluded SORNA I's statutory mechanism for designating a defendant as an SVP, as set forth in 42 Pa.C.S. § 9799.24(e)(3), was "constitutionally flawed"

---

[4] Act of Dec. 20, 2011, P.L. 446, No. 111, *as amended*, 42 Pa.C.S. §§ 9799.10 to 9799.41 (effective Dec. 20, 2012).

because it permitted a trial court to make the determination based upon clear and convincing evidence. **Butler I**, 173 A.3d at 1218. The **Butler I** Court held: "[A] factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him … likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder." **Id.** Accordingly, the **Butler I** panel held "trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism." **Id.** Furthermore, the **Butler I** Court determined lifetime registration, notification, and counseling requirements ("RNC requirements") applicable to SVPs, pursuant to 42 Pa.C.S.A. § 9799.15, 9799.16, 9799.26, 9799.27, and 9799.36, constituted increased criminal punishment that were in violation of **Alleyne**/**Apprendi**.[5]

In response to **Muniz** and **Butler I**, the Pennsylvania General Assembly and the Governor of Pennsylvania enacted certain legislation to address the SORNA concerns. **See** Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10");[6] Act of

---

[5] **Alleyne v. United States**, 570 U.S. 99 (2013), and **Apprendi v. New Jersey**, 530 U.S. 466 (2000).
[6] **See** 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75.

June 12, 2018, P.L. 1952, No. 29 ("Act 29").[7] Act 10 and Act 29 are collectively known as "SORNA II."[8]

However, **Butler I** was recently reversed by the Pennsylvania Supreme Court. **See Commonwealth v. Butler**, ___ A.3d ___ [25 WAP 2018] (Pa., filed March 26, 2020) ("**Butler II**").

In reversing, the **Butler II** Court opined:

> SVPs are different from the non-SVP SORNA registrants at issue in **Muniz** due to heightened public safety concerns based on the determination SVPs have "a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. §9799.12. Therefore, a simple extrapolation from the analysis in **Muniz** is insufficient to determine whether the RNC requirements constitute criminal punishment.

**Butler II**, ___ A.3d ___, ___ [25 WAP 2018, *30-31] (Pa., filed March 26, 2020).

The Supreme Court conducted an examination of the RNC requirements as applicable to SVPs using the two-part inquiry employed in both **Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003) ("**Williams II**")[9] and **Muniz**.[10] First, the **Butler II** Court determined the General Assembly's

---

[7] **See Commonwealth v. Alston**, 212 A.3d 526, 529 (Pa. Super. 2019).

[8] **See Commonwealth v. Lee Andrew Moore**, 222 A.3d 16 (Pa. Super. 2019).

[9] In **Williams II**, the Pennsylvania Supreme Court determined the RNC requirements of SORNA's predecessor, Megan's Law II, were constitutional and not intended to be criminal punishment in nature.

[10] The two-part inquiry is set forth in **Muniz**, 164 A.3d at 1208.

intention with respect to Subchapter H was nonpunitive in nature. ***Butler II***,

___ A.3d ___, ___ [25 WAP 2018, *31-34] (Pa., filed March 26, 2020). Next, the

Court considered the ***Mendoza-Martinez*** factors[11] and determined the

punitive factors did not outweigh the nonpunitive ones. ***Id.***, at *34-44. The

Court held:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also **because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment**.

***Id.***, at *44 (citation omitted; emphasis added). The Court further determined

"the procedure for designating individuals as SVPs under Section

9799.24(e)(3) is not subject to the requirements for ***Apprendi*** and ***Alleyne***

and remains constitutionally permissible." ***Id.***, at *2.

Turning the present matter, in light of the Supreme Court's decision in

***Butler II***, we conclude the trial court did not err in designating Kelly an SVP.

Accordingly, Kelly's first argument fails.

---

[11] ***See Williams II***, 832 A.2d at 973 (describing the ***Mendoza-Martinez*** seven-factor balancing test).

In his second issue, Kelly challenges the sufficiency of the evidence to support the trial court's determination that he is an SVP. Specifically, he claims the Commonwealth did not prove by clear and convincing evidence that he was likely to engage in future predatory sexually violent offenses. We disagree.

"[I]n reviewing the sufficiency of the evidence regarding the determination of SVP status, we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied." ***Commonwealth v. Moody***, 843 A.2d 402, 408 (Pa. Super. 2004) (citation omitted).

> Clear and convincing evidence means that witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty, and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

***Id.*** (citation and internal quotation marks omitted). An SVP is defined as "an individual who committed a sexually violent offense" and "who is determined to be a sexually violent predator ... due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12.

There is no question that Kelly was convicted of sexually violent offenses; therefore, he only challenges the trial court's finding that he suffers

from a mental disorder that makes him likely to re-offend. Subsection H sets out several areas that need to be considered when making a sexually violent predator determination:

(1)   Facts of the current offense, including:

    (i)   Whether the offense involved multiple victims.

    (ii)   Whether the individual exceeded the means necessary to achieve the offense.

    (iii)   The nature of the sexual contact with the victim.

    (iv)   Relationship of the individual to the victim.

    (v)   Age of the victim.

    (vi)   Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

    (vii)  The mental capacity of the victim.

(2)   Prior offense history, including:

    (i)   The individual's prior criminal record.

    (ii)   Whether the individual completed any prior sentences.

    (iii)   Whether the individual participated in available programs for sexual offenders.

(3)   Characteristics of the individual, including:

    (i)   Age.

    (ii)   Use of illegal drugs.

    (iii)   Any mental illness, mental disability or mental abnormality.

> > (iv) Behavioral characteristics that contribute to the individual's conduct.
>
> (4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b).

Here, the Commonwealth presented the testimony of Dr. Hahn, a member of the SOAB. She testified that Kelly met the criteria for a mental abnormality with respect to sexually deviate interests and sexual interest in prepubescent children. *See* N.T., 6/26/2018, at 46. She further opined he met the full criteria for pedophilic disorder—sexual interest in prepubescent children. *See id.*

Dr. Hahn explained that while pedophilic disorder can be managed, it is a lifetime chronic condition that cannot be cured. *See id.*, at 46-47. Further, the expert stated, "Sexually deviate interests are the single strongest predictor of sexual reoffending. People with pedophilic disorder are known to be likely to engage in predatory sexually violent acts." *Id.*, at 48.

Dr. Hahn testified that she considered the factors set forth in Subsection H noting that here, there were multiple victims, all strangers generally aged eight to 14, and though the mental capacity of the victims was not fully known, they were obviously minors and unable to give consent. *See id.*, at 50-53. She recognized there was no unusual cruelty presented and that Kelly had no prior offense history. *See id.*, at 52-53.

Dr. Hahn also considered that Kelly was 42 years old when he was arrested and had been viewing child pornography since at least age 25. ***See id.***, at 53. He did not have a history of substance abuse. ***See id.***, at 53-54. He did meet the criteria for pedophilic disorder. ***See id.***, at 54. Finally, she noted Kelly has had no age appropriate sexual relationships in over 20 years. ***See id.*** at 51-54. Ultimately, given the totality of the circumstances, Dr. Hahn concluded that, in her expert opinion, Kelly was an SVP. ***See id.*** at 55.

We conclude this evidence of record was sufficiently clear and convincing to allow the trial court to find that Kelly is an SVP. Accordingly, his second issue does not merit relief.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/1/2020*

- 10 -