J. S31038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :    IN THE SUPERIOR COURT OF
                                     :           PENNSYLVANIA
             v.                   :
                                       :
R.L.J., JR.,                     :         No. 2003 MDA 2019
                                       :
           Appellant       :

Appeal from the PCRA Order Entered November 12, 2019,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0000848-2015

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED OCTOBER 02, 2020**

R.L.J., Jr. (hereinafter, "appellant"), appeals from the November 12, 2019 order denying, in part, and granting, in part,[1] his amended petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The factual history of this case is not pertinent to our disposition and need not be reiterated here.  On January 27, 2016, a jury found appellant guilty of rape of a child, two counts of involuntary deviate sexual intercourse with a child, unlawful contact with a minor, corruption of minors, incest, and

---

[1] The PCRA court granted appellant relief with respect to his claim that the lifetime registration requirements under SORNA were illegal.  (***See*** PCRA court order, 11/13/19 at ¶ 2; PCRA court opinion, 11/12/19 at 22-37.)  The registration requirements are not a subject of the instant appeal.

indecent assault of a child less than 13 years of age.[2] These convictions stemmed from appellant's repeated sexual assault of his minor daughter, who was under the age of 13 at the time. Following a Sexual Offender Assessment Board Evaluation, the trial court determined that appellant did not meet the criteria to be classified a sexually violent predator. On May 10, 2016, the trial court sentenced appellant to an aggregate term of 31 to 70 years' imprisonment. In addition to his term of incarceration, appellant was required to become a lifetime registrant under the Sexual Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10 *et. seq*. Appellant filed post-sentence motions for reconsideration of his sentence, which were granted by the trial court on August 5, 2016. That same day, the trial court resentenced appellant to an aggregate judgment of sentence of 22 to 50 years' imprisonment. The registration requirements imposed by SORNA remained in place. On April 12, 2017, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on September 19, 2017. *See Commonwealth v. Jusino*, 169 A.3d 1159 (Pa.Super. 2017), *appeal denied*, 170 A.3d 1058 (Pa. 2017).

The remaining procedural history of this case, as gleaned from the PCRA court opinion, is as follows:

> On October 30, 2017, [appellant] filed a *pro se* Motion for Reconsideration of Sentence, which the court deemed as a timely, initial petition seeking relief

---

[2] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 6318(a)(1), 6301(a)(1)(ii), 4302(b)(1), and 3126(a)(7), respectively.

under the [PCRA]. Additionally, by order of the same date, the court granted [appellant] leave to proceed *in forma pauperis*; appointed Dennis C. Dougherty, Esquire, as counsel for [appellant]; granted counsel sixty days to file either an amended post-conviction motion or provide notice that no such amended motion would be filed; and, directed the attorney for the Commonwealth to file an answer within thirty days thereafter. On December 28, 2017, counsel for [appellant] filed a Motion for Extension of Time to file an amended [PCRA] petition, which was granted by order of the same date. Thereafter, on March 2, 2018, counsel filed an Amended PCRA Petition alleging that [appellant's] trial counsel was ineffective when he failed, at trial, to prevent the introduction of evidence regarding [appellant's] prior police contacts and opinion evidence offered by Detective Gareth Lowe as to [appellant's] veracity in his denial of the allegations. The Amended PCRA petition also alleges that [appellant] should not be required to register as a sex offender under SORNA as the crimes for which he was convicted occurred prior to December 20, 2012.

. . . .

By order dated April 25, 2018, the court scheduled an evidentiary hearing relative to [appellant's] Amended PCRA Petition. Following a change in date, the hearing was conducted before the court on August 3, 2018. On the same date, by agreement of the parties, the court scheduled a supplemental PCRA hearing for October 18, 2018. Subsequently, by agreement of the parties, the supplemental hearing was canceled, and the court established a briefing schedule by an order dated October 16, 2018.

. . . .

Thereafter, on June 19, 2019, the [PCRA c]ourt ordered counsel for the parties to submit supplemental written memoranda regarding the applicability of . . . *Commonwealth v. Alston*, 212 A.3d 526 (Pa.Super. 2019) (holding the defendant's

- 3 -

> SVP designation by clear and convincing evidence violated the state and federal constitutions and that the defendant was entitled to the lowest punishment under SORNA where his offenses straddled the operative dates between statutes governing sexual offender registration and continued registration of sexual offenders, and the jury did not specifically find dates of the offenses). The Commonwealth filed its memorandum on July 22, 2019, acknowledging that the present case is analogous to **Alston**, and contending that the court should, therefore, impose the lesser sex offender registration and notification requirements under subchapter I of Act 29 of 2018.

PCRA court opinion, 11/12/19 at 3-5 (footnotes omitted).

On November 12, 2019, the PCRA court entered an opinion and order denying appellant relief with respect to his ineffective assistance of counsel claims but granted him relief with respect to his claim under the registration requirements.[3]  As noted, the registration requirements are not a subject of the instant appeal.  This timely appeal followed on December 12, 2019.  On December 13, 2019, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).  Appellant filed a timely Rule 1925(b) statement on January 2, 2020.  On January 3, 2020, the PCRA court entered an order indicating that it was relying on the reasoning set forth in its November 12, 2019 opinion and that no further Rule 1925(a) opinion would be forthcoming.

Appellant raises the following issues for our review:

---

[3] The PCRA court concluded that appellant is subject to Megan's Law II and required to register for his lifetime based on the underlying offenses.

- 4 -

I.     [Whether] the PCRA court err[ed] when it found trial counsel[4] was not ineffective when [trial] counsel sought and did not object to the introduction of [appellant's] prior arrests[?]

II.    [Whether] the PCRA court erred when it found trial counsel was not ineffective when counsel sought [Lancaster City Police Detective Gareth Lowe's] opinion testimony as to whether [appellant] was lying when he denied the accusations against him[?]

Appellant's brief at 9, 15 (full capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted).  In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that her conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).  Further, these issues must be neither previously litigated nor waived.  42 Pa.C.S.A. § 9543(a)(3).

Both of appellant's claims concern the ineffectiveness of his trial counsel.  To prevail on a claim of ineffective assistance of counsel under the

---

4 Appellant was represented during his trial by Ronald Gross, Esq. ("trial counsel").

PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the Supreme Court of the United States in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and as applied in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

This court has explained that a petitioner "must meet all three prongs of the test for ineffectiveness[.]" **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011). Additionally, we note that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. **See Commonwealth v. Ligons**, 971 A.2d 1125, 1146 (Pa. 2009).

Following a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, it is our determination that appellant's claims warrant no relief. The PCRA court authored a comprehensive, 39-page opinion wherein it devoted 14 pages to discussing both of appellant's ineffectiveness claims and concluding that they are without arguable merit. We find that the PCRA court's conclusions are supported by competent evidence and are clearly free of legal error. Specifically, we agree with the PCRA court that trial counsel was not ineffective in failing to object to references to the fact that appellant had previously been arrested, which were on the nearly 10-hour video recording of appellant's interrogation that the Commonwealth played for the jury. (PCRA court opinion, 11/12/19 at 9.) As the PCRA court found, trial counsel "credibly testified" that his chosen defense strategy was to demonstrate to the jury that appellant was subject to an unfair and biased interrogation that resulted in an involuntary and unreliable videotaped confession, and objecting would have undercut his argument. (*Id.* at 10-12.) Moreover, we agree with the PCRA court that any prejudice appellant suffered from reference to his prior arrests was cured by the trial court's cautionary instruction to the jury. (*Id.* at 14-15.)

Likewise, we agree with the PCRA court that trial counsel was not ineffective for questioning Detective Lowe on his opinion of appellant's veracity during the recorded statement. (*Id.* at 16.) As explained by the

PCRA court, although this testimony was prejudicial in nature, trial counsel's testimony at the evidentiary hearing revealed that the solicitation of this opinion testimony from Detective Lowe "was consistent with his chosen defense strategy." (*Id.* at 17.) The PCRA court explained:

> [Trial] counsel diligently strived to convince the jury that [appellant's] statement was given involuntarily, and his goal was to demonstrate that [Detective Lowe] had prematurely and unfairly formed an opinion as to [appellant's] guilt before questioning him. As such, [Detective Lowe] became biased and fixated on [appellant] to the exclusion of all others. Such bias controlled the manner of the interrogation and led to [Detective Lowe's] browbeating [appellant] into the damaging admissions[,] which were offered near the end of the extensive interview. [Trial c]ounsel took the position that [Detective Lowe] was unwilling to terminate the interrogation until he heard what he wanted to hear. Again, counsel repeatedly introduced evidence and offered such argument throughout the entire trial. The fact that such strategy was ultimately unsuccessful is of no import absent any indication that another strategy offered a significantly greater chance of success.

*Id.* at 17 (citation to notes of testimony omitted).

Based on the foregoing, we adopt the relevant portions of the PCRA court's comprehensive opinion as our own for purposes of this appellate review, and affirm its November 12, 2019 order denying, in part, appellant's amended PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2020