J-S44015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN WELLINGTON ELLIS | : | No. 406 MDA 2020 |

Appeal from the PCRA Order Entered January 30, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001929-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN WELLINGTON ELLIS | : | No. 407 MDA 2020 |

Appeal from the PCRA Order Entered January 30, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001930-2015

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　　**FILED DECEMBER 02, 2020**

The Commonwealth appeals from the trial court's January 30, 2020 order granting Stephen Wellington Ellis's petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, thereby barring application of Subchapters H and I of the Sexual Offender Registration and Notification Act

("SORNA II"),[1] and vacating Ellis's designation as a Sexually Violent Predator ("SVP").[2]  After careful review, we reverse in part and affirm in part.

On August 20, 2015, Ellis pled guilty, in the case docketed at CP-67-CR-1929-2015, to dissemination of child pornography (18 Pa.C.S. § 6312(c)), possession of child pornography (18 Pa.C.S. § 6312(d)), and criminal use of a communication facility (18 Pa.C.S. § 7512(a)).  These charges were based on conduct occurring in 2015.  That same day, Ellis also pled guilty in a separate case, docketed at CP-67-CR-1930-2015, to three counts each of indecent assault of a victim less than 13 years of age (18 Pa.C.S. § 3126(a)(7)) and corruption of minors (18 Pa.C.S. § 6301(a)(1)(ii)).  These convictions were premised on conduct occurring between 2007 and 2015.  On March 4, 2016, Ellis was sentenced to an aggregate term of 2½ to 7 years' incarceration.  In addition, based on his indecent assault convictions, Ellis was subject to lifetime registration as a Tier III offender under the version of SORNA in effect at that time ("SORNA I").  **See** 42 Pa.C.S. § 9799.14(d)(8).  Ellis was also deemed to be an SVP under SORNA I, which required lifetime registration.

Approximately one year after Ellis was sentenced, our Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), holding that

---

[1] 42 Pa.C.S. §§ 9799.10-9799.42 and 42 Pa.C.S. §§ 9799.51-9799.75, respectively.

[2] 42 Pa.C.S. § 9799.58.

the registration requirements of Subchapter H of SORNA I, as applied retroactively, were punitive under the seven-factor test set forth by the United States Supreme Court in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). Thus, the *Muniz* Court deemed SORNA I unconstitutional under the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *See Muniz*, 164 A.3d at 1223.

After *Muniz*, a panel of this Court issued *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) ("*Butler I*"). There, we held that the statutory mechanism for designating a defendant an SVP under SORNA I violated the United States Supreme Court's decisions in *Alleyne v. U.S.*, 570 U.S. 99 (2013),[3] and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[4] We reasoned that SORNA I required the trial court to make the SVP determination by "clear and convincing" evidence, rather than the beyond-a-reasonable-doubt standard and, thus, was unconstitutional. *Butler I*, 173 A.3d at 1218.

In response to *Muniz* and *Butler I*, the Pennsylvania General Assembly amended SORNA I by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29

---

[3] *Alleyne* holds that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Id.* at 106.

[4] *Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired.

Pursuant to SORNA II, Ellis's indecent assault conviction became a Subchapter I offense requiring 10 years of registration, rather than the lifetime registration requirement that his conviction triggered under SORNA I. *See* 42 Pa.C.S. § 9799.55(a)(1)(i)(A). His SVP designation, however, continues to carry a lifetime registration requirement under Subchapter I of SORNA II. *See* 42 Pa.C.S. § 9799.55(b)(3). Ellis is also subject to registration requirements under Subchapter H, specifically a 15-year registration requirement for his Tier I conviction of disseminating child pornography, and a 25-year registration period for his Tier II conviction of possession of child pornography. *See* 42 Pa.C.S. § 9799.14(b)(9), (c)(4).

On June 13, 2019, Ellis filed a *pro se* PCRA petition challenging his registration requirements and SVP designation. The court appointed counsel, who filed an "Amended Post Conviction Relief Act Petition and/or Petition for Writ of *Habeas Corpus*." Therein, Ellis first claimed that his petition was timely because his registration requirements were part of his sentence, which had

changed with the passage of Acts 10 and 29, thus "restart[ing] the clock for purposes of challenging that sentence." Amended PCRA Petition, 8/9/19, at 5. Ellis also argued that Subchapters I and H of SORNA II are both punitive for the same reasons that the **Muniz** Court had deemed punitive Subchapter H of SORNA I. **Id.** at 6. Accordingly, he insisted that applying SORNA II retroactively to him violates the *ex post facto* provisions of the United States and Pennsylvania Constitutions. Ellis also averred that both Subchapters I and H contain an irrebuttable presumption of dangerousness that violates his constitutional right to reputation. **Id.** at 8-10. Finally, he insisted that his SVP designation is unconstitutional under our holding in **Butler I**. **Id.** at 11-12.

On January 28, 2020, the trial court filed an order and accompanying opinion granting Ellis's petition. Notably, the court accepted Ellis's argument that the passage of SORNA II constituted the imposition of a new sentence that reset the PCRA's timeliness clock. **See** Trial Court Opinion (TCO), 1/28/20, at 6-7. The court then concluded that Subchapters I and H are both punitive under the **Mendoza-Martinez** factors and cannot be applied to Ellis, and that Ellis's SVP designation is unconstitutional under **Butler I**. **Id.** at 7-15.

The Commonwealth filed a timely notice of appeal at each docket number, which this Court consolidated. The Commonwealth also complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of

errors complained of on appeal. Herein, the Commonwealth states three issues for our review:

> 1. Whether the PCRA/*Habeas* court erred in granting relief as the court lacked jurisdiction to hear this matter, as the petition is jurisdictionally untimely and whether titled as a PCRA or *Habeas* petition, the jurisdictional timeliness requirements of the PCRA apply?
>
> 2. Whether the PCRA court erred in granting [Ellis] relief, as imposition of applicable SORNA registration is not unconstitutional?
>
> 3. Whether the PCRA court erred in granting [Ellis] relief, as imposition of [SVP] status and conditions is not unconstitutional?

Commonwealth's Brief at 2.

The Commonwealth's first two issues are resolved by our Supreme Court's recent decision in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), and this Court's subsequent opinion in **Commonwealth v. Smith**, -- A.3d --, 1011 MDA 2019, 2020 WL 5755494 (Pa. Super. filed Sept. 8, 2020). First, in **Lacombe**, the Court held that the registration requirements in Subchapter I of SORNA II do not constitute criminal punishment. **Lacombe**, 234 A.3d at 626.

> In addition, the **Lacombe** Court expressly declined "to find the PCRA, or any other procedural mechanism ... the exclusive method for challenging sexual offender registration statutes[.]" **Lacombe**[, 234 A.3d at 618]. According to the Court, an offender's requirements change frequently and may be retroactively applicable. **See id.** [at 617]. Thus, the strict jurisdictional requirements of the PCRA render it unsuitable, because many registrants will be ineligible for relief on timeliness grounds or because their criminal sentence has expired while their registration requirements continue. **See id.**

*Smith*, 1011 MDA 2019 at *3. After *Lacombe*, this Court concluded in *Smith* that, because "[n]on-punitive, administrative requirements are merely collateral consequences of a criminal conviction[,] … a challenge to the requirements mandated by Subchapter I of SORNA II pertains to a collateral consequence of one's criminal sentence and does not fall within the purview of the PCRA." *Id.* (citations omitted). Accordingly, the *Smith* panel held that a petitioner's "substantive claims challenging the application of Subchapter I of SORNA II's lifetime registration requirements are not cognizable under the PCRA and, thus, not subject to its time-bar." *Id.*

Based on *Lacombe* and *Smith*, the requirements of Subchapter I are not criminal sanctions, and the applicability of SORNA II may be challenged outside the PCRA. Therefore, while the trial court erroneously concluded that Ellis was effectively 'resentenced' when SORNA II was enacted, it did not err in finding that it had jurisdiction to address the merits of his claims for the reasons set forth in *Lacombe* and *Smith*.[5] However, *Lacombe* also leads us to conclude that the trial court was incorrect in deciding that Subchapter I is punitive. The *Lacombe* Court clearly held that Subchapter I does not constitute criminal punishment. Accordingly, the registration requirements

---

[5] It is well-settled that "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." *Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 (Pa. 2000); *Commonwealth v. Ahlborn*, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

set forth in Subchapter I may be retroactively applied to Ellis, and we reverse the court's order to the extent that it vacates the application of that provision to Ellis.

In the Commonwealth's third issue, it contends that the trial court erred by vacating Ellis's SVP designation. Again, we agree. The court concluded that Ellis's SVP designation must be vacated pursuant to **Butler I**, but shortly after the trial court filed its order and opinion in this case, our Supreme Court overruled **Butler I** in **Commonwealth v. Butler**, 226 A.3d 972, 993 (Pa. 2020) ("**Butler II**"). The **Butler II** Court determined that the registration, notification, and counseling ("RNC") requirements applicable to SVPs under Subchapter H are non-punitive, explaining:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

**Butler II**, 226 A.3d at 992–93 (citation omitted).

While here, Ellis was deemed an SVP under Subchapter I, this Court has observed that "Subchapter I contains less stringent reporting requirements than Subchapter H…." **Commonwealth v. Alston**, 212 A.3d 526, 529 (Pa.

Super. 2019). Because Subchapter I's RNC requirements applicable to SVPs are less burdensome than are Subchapter H's RNC requirements for SVPs, it must be the case that Subchapter I's RNC requirements for SVPs also do not constitute criminal punishment, given our Supreme Court's decision in *Butler II*.

In sum, pursuant to *Lacombe* and *Smith*, the trial court had jurisdiction to address Ellis's substantive challenges to the application of SORNA II. Because *Lacombe* holds that the registration requirements of Subchapter I are not punitive and may, therefore, be retroactively applied to Ellis, the court erred by vacating Ellis's registration requirements under Subchapter I. Additionally, *Butler II* and *Alston* establish that Ellis's SVP designation is constitutional. Accordingly, we reverse the court's order to the extent that it vacates Ellis's Subchapter I registration requirements and his SVP status under that provision.

However, to the extent the court's order also vacates Ellis's Subchapter H requirements, we must affirm. As Ellis observes, in his amended PCRA/*habeas* petition, he presented challenges to the imposition of *both* Subchapter I and Subchapter H, and the trial court addressed the propriety of both provisions in its opinion. *See* Ellis's Brief at 17; TCO at 13-14. Ultimately, the court concluded that Subchapter H is also punitive, and it vacated Ellis's registration requirements under that provision for his Tier I and Tier III convictions of disseminating child pornography and possession of child pornography. *See* TCO at 13-14. Ellis contends, and we agree, that the

Commonwealth has failed to raise any challenge to the court's Subchapter H decision on appeal. *See* Ellis's Brief at 17 (stating that, "[i]n this appeal, the Commonwealth has challenged the court's barring of Subchapter I but has asserted no argument as to the *vacatur* of Ellis'[s] Subchapter H obligations[,]" thus waiving it for appellate review) (emphasis in original). We agree with Ellis that because the Commonwealth has not asserted a challenge to the court's Subchapter H determination, it has waived that claim on appeal. *See* Pa.R.A.P. 2116(a), 2119(a); *Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal). Accordingly, we affirm the court's order to the extent that it vacates Ellis's registration requirements under Subchapter H.[6]

Order reversed in part, affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/02/2020

---

[6] We express no opinion on the propriety of the trial court's rationale for deeming Subchapter H punitive, or its conclusion that Subchapter H cannot be applied to Ellis.