J-A10040-19

2019 PA Super 178

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMAL ALSTON | : | |
| | : | |
| Appellant | : | No. 1505 EDA 2018 |

Appeal from the Judgment of Sentence September 23, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007162-2013

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

OPINION BY GANTMAN, P.J.E.:                    **FILED JUNE 06, 2019**

Appellant, Jamal Alston, appeals *nunc pro tunc* from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his jury trial convictions for three counts of statutory sexual assault, two counts each of rape of a child and involuntary deviate sexual intercourse ("IDSI") of a child less than 16, and one count each of indecent assault of a child less than 13, sexual abuse of children, criminal use of a communication facility, unlawful contact with a minor, and corruption of minors.[1]  We affirm in part, vacate in part, and remand with instructions.

The relevant facts and procedural history of this case are as follows. Appellant sexually abused Victim from May 28, 2009 to May 1, 2013.

---

[1] 18 Pa.C.S.A.  §§ 3122.1(a), 3121(c), 3123(a)(7), 3126(a)(7), 6312(b), 7512(a), 6318(a)(1), and 6301(a)(1), respectively.

The three-day jury trial began on February 10, 2016. The jury heard evidence of the ongoing sexual relationship that [Appellant] initiated with [the] 11 year-old [Victim], and continued through the time [Victim] was 15 years old, when the abuse was uncovered by [Victim's] sister. At the conclusion of the trial, the jury found [Appellant] guilty of the aforementioned offenses. Sentencing and a Sexually Violent Predator ("SVP") hearing were held on September 23, 2016. [Appellant] was found to be [an] SVP.[2] [Appellant] was also sentenced to an aggregate term of 15 to 40 years' incarceration. A post-sentence motion was filed and denied. A direct appeal was not filed.

On August 22, 2017, [Appellant] filed a *pro se* petition seeking post-conviction relief pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq*. PCRA counsel was appointed, and ultimately relief was granted, reinstating [Appellant's] direct appeal right *nunc pro tunc* on May 8, 2018. A notice of appeal was thereafter timely filed. In accordance with Pa.R.A.P. 1925, [the c]ourt ordered [Appellant] to submit a concise statement of errors complained of on appeal. After an extension of time was granted, a statement was filed.

(Trial Court Opinion, filed July 30, 2018, at 2).

Appellant raises the following issue for our review:

DID THE TRIAL COURT IMPROPERLY IMPOSE A LIFETIME REPORTING REQUIREMENT ON [APPELLANT] PURSUANT TO [SORNA], 42 PA.C.S. §§ 9799.10 TO 9799.41?

(Appellant's Brief at 2).

Appellant argues the court unconstitutionally designated him an SVP by clear and convincing evidence, instead of proof beyond a reasonable doubt.

---

[2] Rape of a child and IDSI with a person less than 16 are both Tier III offenses under the Sexual Offender Registration and Notification Act ("SORNA"), which require an offender to register and report for life. **See** 42 Pa.C.S.A. §§ 9799.14(d), 9799.15(a)(3).

Appellant contends his SVP designation amounts to an illegal sentence pursuant to **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017), *allowance of appeal granted*, ___ Pa. ___, 190 A.3d 581 (2018).   Appellant avers the application of Subchapter H of Act 29 to him on remand would also be unconstitutional.   Appellant posits Subchapter H, which applies to offenders who committed offenses on or after the effective date of SORNA, mirrors the version of SORNA found unconstitutional in **Muniz**.   Appellant reasons the jury did not specifically find the date of the offenses, so the court cannot apply Subchapter H to him on remand; instead the court should apply Subchapter I.   Appellant concludes this Court should vacate his SVP status and SORNA registration requirements, and remand for the trial court to impose registration requirements under Subchapter I.   We agree.

A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary.   **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa.Super. 2014), *appeal denied*, 632 Pa. 690, 121 A.3d 494 (2015).

Our Supreme Court declared SORNA unconstitutional, to the extent it violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions.   **Muniz, supra**.   The **Muniz** court determined SORNA's purpose was punitive in effect, despite the General Assembly's stated civil remedial

purpose. *Id.* at 748-49, 164 A.2d at 1218. SORNA also violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the finality of sentences by demanding more severe registration requirements. *Id.* at 756-57, 164 A.2d at 1223. The effective date of SORNA, December 20, 2012, controls for purposes of an *ex post facto* analysis. **Commonwealth v. Lippincott**, ___ A.3d ___ (Pa.Super. 2019) (*en banc*).

In light of **Muniz**, this Court also held: "[U]nder **Apprendi** [**v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] and **Alleyne** [**United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him…likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder." **Butler, supra** at 173 (addressing SVP status *sua sponte* as illegal sentence) (internal quotations and citations omitted). **See also Alleyne, supra** (holding any fact that increases mandatory minimum sentence for crime is considered element of crime to be submitted to factfinder and found beyond reasonable doubt). This Court further held: "Section 9799.24(e)(3) of SORNA[3] violates the federal

---

3 **See** 42 Pa.C.S.A. § 9799.24(e)(3) (stating: "At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator").

- 4 -

and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Id.* at 1218. The *Butler* Court concluded that trial courts can no longer designate convicted defendants as SVPs or hold SVP hearings, "until [the] General Assembly enacts a constitutional designation mechanism." *Id.* (vacating appellant's SVP status and remanding to trial court for sole purpose of issuing appropriate notice under 42 Pa.C.S.A. § 9799.23, governing reporting requirements for sex offenders, as to appellant's registration obligation).[4]

Following *Muniz* and *Butler*, the Pennsylvania General Assembly enacted legislation to amend SORNA. *See* Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22,

---

[4] The Pennsylvania Supreme Court has granted review of *Butler*. Unless and until our Supreme Court rules otherwise, however, *Butler* remains binding authority. *See Commonwealth v. Martin*, ___ A.3d ___ (Pa.Super. 2019) (stating this Court is bound by existing precedent and continues to follow controlling precedent unless it is overturned by our Supreme Court).

1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.13, 9799.54.

Instantly, Appellant committed sexual offenses between May 28, 2009, and May 1, 2013. A jury convicted Appellant of three counts of statutory sexual assault, two counts each of rape of a child and IDSI of a child less than 16, and one count each of five other offenses. The court sentenced Appellant to an aggregate term of 15 to 40 years' imprisonment; during the sentencing hearing, the court also designated Appellant as an SVP and required Appellant to register and report for life under SORNA.

Here, the court designated Appellant an SVP by clear and convincing evidence under Section 9799.24(e)(3), which violates the federal and state constitutions. **See Butler, supra**. Therefore, we must vacate Appellant's SVP status. **See id.**

Further, the jury did not specifically find the dates when Appellant committed his offenses. Appellant's offenses straddle the operative dates for Subchapters H and I. Without a specific finding by the chosen factfinder of when the offenses occurred, Appellant is entitled to the lowest punishment. **See** 42 Pa.C.S.A. §§ 9799.13, 9799.54; **Alleyne, supra**; **Muniz, supra**. **Cf. Commonwealth v. Weimer**, 167 A.3d 78 (Pa.Super. 2017), *appeal denied*, 644 Pa. 336, 176 A.3d 838 (2017) (holding in context of unlawful contact with

minor conviction, if jury does not specifically find most serious underlying offense for which defendant contacted minor, court must use lowest offense grading for purposes of sentencing). Therefore, on remand, the court must impose SORNA requirements under Subchapter I.

Based upon the foregoing, we hold that Appellant's SVP designation is unconstitutional pursuant to **Butler** and must be vacated. We further hold that when an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred. Accordingly, we vacate that portion of the judgment of sentence regarding Appellant's SVP status and SORNA reporting requirements, and we remand the case to the trial court to instruct Appellant on his proper registration and reporting requirements. We affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part solely as to SVP status and SORNA reporting requirements; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/19

- 7 -