J-S03011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME EDWARD STECK, SR. | : | |
| | : | |
| Appellant | : | No. 541 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015583-2014

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 30, 2020**

Jerome Edward Steck, Sr. ("Steck") appeals from the order dismissing his petition challenging the application of Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA") as a meritless Post Conviction Relief Act[1] ("PCRA") petition. Steck contends that the application of Subchapter I violates the *Ex Post Facto* and Double Jeopardy Clauses. For the following reasons, we affirm the order but direct the removal of Steck's entry from the state police sex offender website.

On September 24, 2015, Steck pled guilty to two counts each of Involuntary Deviate Sexual Intercourse ("IDSI"), Unlawful Contact with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Minor, Incest, Indecent Exposure, IDSI with a Child, and Corruption of Minors.[2] Steck also pled guilty to one count each of Indecent Assault - Person Less than 16 Years of Age, Indecent Assault - Person Less than 13 Years of Age, and Endangering the Welfare of a Child.[3] The charges arose from Steck's sexual abuse of his first victim over the course of one year beginning in 2009, and one incident of sexual abuse of a second victim in August 2012. Steck was sentenced to an aggregate term of four to ten years of incarceration pursuant to the plea agreement. Further, Steck was subject to SORNA's lifetime registration requirement. Steck did not file a post-sentence motion or direct appeal.

On August 15, 2016, Steck filed a PCRA petition, which the lower court ultimately denied on July 13, 2017. Six days later, on July 19, 2017, our Supreme Court issued its decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that SORNA registration is punitive in nature and retroactive application of SORNA violates the *Ex Post Facto* Clause). Steck thereafter filed a *pro se* appeal on July 31, 2017. We reversed the order of the PCRA court and remanded with instructions for the lower court to appoint counsel and to allow Steck to amend his petition to include a **Muniz** claim since Steck committed his crimes prior to the effective date of SORNA of

_____

[2] 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 4302, 3127(a), 3123(b), and 6301(a)(1)(i) and (ii), respectively.

[3] 18 Pa.C.S.A. §§ 3126(a)(8), 3126(a)(7), and 4304(a)(1), respectively.

December 20, 2012. ***Commonwealth v. Steck***, 2018 WL 2424049 (Pa.Super. May 30, 2018) (unpublished memorandum).[4]

Upon remand, counsel was appointed and filed an amended PCRA petition asserting that Steck was "no longer subject to the sex offender reporting requirements imposed under Megan's Law I, II, III or SORNA." Am. Pet., 1/25/19, at ¶ 11. In support, Steck cited ***Muniz*** and ***Commonwealth v. Derhammer***, 173 A.3d 723 (Pa. 2017). Steck further contended that the registration requirements of Subchapter I of Act 10 of 2018[5] were unconstitutional because they violated the *Ex Post Facto* and Double Jeopardy Clauses. Am. Pet., 1/25/19, at ¶ 37. On March 27, 2019, the PCRA court dismissed the amended petition. This timely appeal followed.

Steck raises one issue for our review:

---

[4] By way of background, SORNA came into existence in 2011, with an effective date of December 20, 2012. In ***Muniz***, the Pennsylvania Supreme Court found that applying SORNA to those who committed crimes before SORNA's enactment violated the *Ex Post Facto* Clause of the Pennsylvania Constitution. 164 A.3d at 1223. In response, the General Assembly enacted Acts 10 and 29 of 2018. ***Commonwealth v. Alston***, 212 A.3d 526, 529 (Pa.Super. 2019). The General Assembly "modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's" original effective date in 2012. ***Commonwealth v. Bricker***, 198 A.3d 371, 375 (Pa.Super. 2018). It also created Subchapter I, which applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012, and contains less stringent reporting requirements than Subchapter H. ***Alston***, 212 A.3d at 529. The parties agree that Subchapter I applies in this case since Steck committed his crimes in 2009 and August of 2012.

[5] 42 Pa.C.S.A. §§ 9799.51-9799.75.

> Whether the trial court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state *Ex Post Facto* and Double Jeopardy Clauses?

Steck's Br. at 4 (capitalization corrected).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019). A post-conviction claim that an original sentence is illegal due to the retroactive application of a sexual offender registration requirement is a cognizable claim under the PCRA. **See Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa.Super. 2019).

Steck argues that the PCRA court erred in dismissing his amended PCRA petition instead of ruling that the reporting and registration requirements of Subchapter I of Act 10 of 2018 violate the *Ex Post Facto* and Double Jeopardy Clauses of the Pennsylvania and United States Constitutions. Steck's Br. at 8. Steck claims that Subchapter I, like the former version of SORNA addressed in **Muniz**, is punitive. **Id.** at 11. Specifically, Steck contends that, like the former version of SORNA, Subchapter I requires offenders to, *inter alia*: (1) be included on a publicly accessible Internet website; (2) register with the Pennsylvania State Police ("PSP") or face criminal prosecution; (3) provide the PSP with information regarding all current or intended residences, employment, or schools; (4) inform the PSP of changes in residences or employment within three business days; (5) verify their residences with the PSP; (6) be subject to a felony for failing to register; (7) submit to decisions

by parole or probation authorities to impose supervision conditions, including the use of offender tracking through global positioning systems ("GPS"); (7) submit to mandatory counseling for sexually violent predators; and (8) submit to being photographed and fingerprinted. ***Id.*** at 11-16.

Steck notes that there are two differences between SORNA and Subchapter I. First, Subchapter I returns to a two-tier system of registration, namely ten-year and lifetime periods of registration, which were what existed under Megan's Law II. ***Id.*** at 16. Second, Subchapter I contains a provision for the potential removal of lifetime registrants from the registry after 25 years upon petition by the defendant. ***Id.*** at 17. Steck, however, asserts "these differences are not sufficiently meaningful to render Subchapter I non-punitive, and legally distinguishable from SORNA and the analysis in ***Muniz***, for purposes of [an] *ex post facto* analysis." ***Id.***

Steck further contends that the enactment of Subchapter I effectively created a new criminal penalty or punishment for the offenses that he committed many years ago, thus violating double jeopardy principles. ***Id.*** at 27. Steck argues that since ***Muniz*** nullified (if only temporarily) his reporting requirements, and since Subchapter I is punitive, "then it necessarily follows that Subchapter I effectuates a second punishment upon [him]." ***Id.*** at 31.

The Commonwealth counters that Act 10, including Subchapter I, was enacted to address the concerns articulated in ***Muniz***. Commonwealth's Br. at 29. The Commonwealth argues that the express intent of the General Assembly in enacting Act 10 was to enact a civil provision and not a punitive

provision. *Id.* at 11. The Commonwealth further contends that Subchapter I reduces the reporting obligations of sexual offenders in several ways. *Id.* at 29. The Commonwealth points out that Subchapter I substantially reduces the in-person verification requirements for some offenders and also permits the potential removal of lifetime registrants from the sex offender registry after 25 years. *Id.* 29, 32. The Commonwealth concludes that since Subchapter I is not punitive, it does not violate *ex post facto* or double jeopardy principles. *Id.* at 11.

This Court recently addressed a constitutional challenge to Act 10. In **Commonwealth v. Moore**, 222 A.3d 16 (Pa.Super. filed Oct. 23, 2019), a panel of this Court held that the Internet registration provisions of Subchapter I violate the federal *Ex Post Facto* Clause and therefore, are unconstitutional. **Id.** at 27. However, the **Moore** Court also determined that "the Internet provisions of [Act 10] are severable" from the rest of the statutory scheme and "perceive[d] no obstacles to the continued execution of [Act 10], absent its Internet dissemination provisions." **Id.** Accordingly, we affirm the order denying Steck's PCRA petition but direct the removal of his entry from the state police sex offender website. We also note that the constitutionality of Act 10 as a whole is currently on appeal before our Supreme Court. **See Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018).

Order affirmed with instructions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020