**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN THOMAS CONROY | : | |
| | : | |
| Appellant | : | No. 2441 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 17, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001315-2018

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED FEBRUARY 17, 2021**

Appellant, Kevin Thomas Conroy, appeals from the aggregate judgment of sentence of 78 to 180 months of confinement, which was imposed after he pleaded guilty to one count of criminal attempt to commit involuntary deviate sexual intercourse with a child, two counts of endangering welfare of children, and one count of child pornography.[1]  After careful review, we affirm.

Appellant engaged in a pattern of criminal behavior between 2008 and 2015.  On November 1, 2018, he pleaded guilty to the aforementioned charges, and, on May 17, 2019, he was sentenced.  On May 23, 2019, Appellant filed timely post-sentence motions, which he amended the next day,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 901(a) (to commit § 3123(b)), § 4304(a)(1), and § 6312(d), respectively.

including: (1) a motion to bar application of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42,[2] and (2) a request that a "no contact provision with [the victim,] R.C.[,] be subject to the victim's request for contact, contact pursuant to R.C.'s counselor's recommendation, or contact if the victim desires after she is of the age of majority." Amended Post Sentence Motion and Reconsideration of Sentence, 5/24/2019, at 6. For the former challenge, Appellant contended:

> SORNA denies [Appellant] [d]ue [p]rocess under Article 1 and 11 [*sic*] of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual

---

[2] Act of December 20, 2011, P.L. 446, No. 111, § 12; amended by Act of February 21, 2018, P.L. 27, No. 10, §§ 1-20, effective immediately ("Act 10"); and re-enacted and amended by Act of June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective immediately.

> Act 10 split SORNA, which was previously designated in the Sentencing Code as Subchapter H, into two subchapters. Revised **Subchapter H applies to crimes committed on or after December 20, 2012**, whereas Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012. In essence, Revised **Subchapter H retained many of the provisions of SORNA, while Subchapter I imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012**, in an attempt to address this Court's conclusion in [**Commonwealth v.**] **Muniz**[, 164 A.3d 1189 (Pa. 2017) (plurality),] that application of the original provisions of SORNA to these offenders constituted an *ex post facto* violation.

**Commonwealth v. Torsilieri**, 232 A.3d 567, 580–81 (Pa. 2020) (emphasis added). Subchapter I was designed to ensure that those required to register retroactively under SORNA — and therefore entitled to relief following **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (plurality) — will still have to do so.

- 2 -

offenses" depriving those individuals of the fundamental right to reputation. . . .

SORNA constitutes criminal punishment and therefore violates the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence.

*Id.* at 4-5.

On May 31, 2019, the Court of Common Pleas of Monroe County sat *en banc* to hear Appellant's SORNA challenge along with a number of other defendants who had likewise challenged SORNA's constitutionality. At the hearing, Appellant's counsel joined with the arguments of the other defendants' counsel, N.T., 5/31/2019, at 22, that SORNA was punitive and violated due process by creating a rebuttable presumption that a sex offender is likely to reoffend. *Id.* at 9-11, 15-19. The panel and counsel discussed scientific studies about the rate of recidivism amongst sexual offenders compared to other criminals, but the studies themselves were never introduced into evidence. *Id.* at 20-21, 26-27. In fact, no evidence was presented at the hearing on Appellant's post-sentence motion. *See generally id.* Finally, Appellant and the other defendants requested that the *en banc* panel declare SORNA unconstitutional in its entirety, citing to a decision from the Chester County Court of Common Pleas, ***Commonwealth v. Torsilieri***, Docket Number CP-15-CR-0001570-2016,[3] which found Subchapter H to be

_____

[3] At the time of the *en banc* panel of the Court of Common Pleas of Monroe County, two appeals of the ***Torsilieri*** decision from the Court of Common Pleas of Chester County were pending: one appeal by Defendant Torsilieri before this Court, ***Commonwealth v. Torsilieri***, 221 A.3d 280 (Pa. Super.

unconstitutional. *Id.* at 23. A "July 18, 2019 Order disposed of the constitutional issue raised by Appellant." Trial Court Opinion, dated September 19, 2019, at 1. On August 16, 2019, Appellant filed this timely direct appeal.[4]

Appellant presents the following issues for our review:

[1.] Whether the trial court erred as a matter of law and abused its discretion in failing to provide that [Appellant] can have contact with R.C. only at R.C.'s desire after they are of the age of majority or pursuant to R.C.'s counselor's recommendation?

[2.] Whether the trial court erred as a matter of law and abused its discretion in failing to find that SORNA denies [Appellant] due process under Article 1 and 11 [*sic*] of the Pennsylvania constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses"[5] depriving those individuals of the fundamental right to reputation?

[3.] Whether the trial court erred as a matter of law and abused its discretion in failing to find that SORNA denies [Appellant]

---

filed August 16, 2019); **and** a second appeal by the Commonwealth filed directly to the Supreme Court of Pennsylvania pursuant to 42 Pa.C.S. § 722(7) (relating to the Supreme Court's exclusive jurisdiction over appeals from final orders of the Court of Common Pleas in matters where the Court of Common Pleas has held, *inter alia*, a statute to be unconstitutional), **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). In the former, this Court affirmed, and Defendant Torsilieri petitioned for allowance of appeal with the Pennsylvania Supreme Court, which our Supreme Court denied. **Commonwealth v. Torsilieri**, 230 A.3d 338 (Pa. 2020).

[4] Appellant filed his statement of errors complained of on appeal on September 10, 2019. The trial court entered its opinion on September 19, 2019.

[5] The section of SORNA entitled "Legislative findings, declaration of policy and scope" explicitly asserts: "Sexual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a)(4).

procedural due process under Article 11 [*sic*] of the Pennsylvania constitution because it unlawfully impinges on the right to reputation without notice and an opportunity to be heard?

[4.] Whether the trial court erred as a matter of law and abused its discretion in failing to find that SORNA denies [Appellant] procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

[5.] Whether the trial court erred as a matter of law and abused its discretion in failing to find that SORNA violates substantive due process under the state and federal constitutions, U.S. Const. Amend. XIV, Pa. Const. Art. I, § 1, because SORNA deprives individuals of inalienable rights and fails to satisfy strict scrutiny?

[6.] Whether the trial court erred as a matter of law and abused its discretion in failing to find that SORNA constitutes criminal punishment and therefore violates the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

[7.] Whether the trial court erred as a matter of law and abused its discretion in failing to find that SORNA contravenes the 5th, 6th and 14th amendments of the United States Constitution and the corresponding protections of the Pennsylvania constitution because as a criminal punishment, SORNA cannot be imposed without due process, notice and opportunity to contest its imposition, and ensuring that each fact necessary to support the mandatory sentence is submitted to a jury and proven beyond a reasonable doubt pursuant to **Apprendi v. New Jersey**, 530 U.S. 266 (2000) and **Alleyne v. United States**, 1570 U.S. 99 (2013)?

[8.] Whether the trial court erred as a matter of law and abused its discretion in failing to find SORNA constitutes criminal punishment, therefore 42 Pa. C.S.A. § 9799.24(e)(3) violates the Sixth Amendment to the United States Constitution and the corresponding provision of the Pennsylvania constitution as it enhances the degree of punishment beyond the otherwise proscribed SORNA requirements on a finding of clear and convincing evidence as opposed to beyond a reasonable doubt and [Appellant] does not have an ability to submit the question to a jury?

[9.]  Whether the trial court erred as a matter of law and abused its discretion in failing to find SORNA constitutes criminal penalties and therefore the imposition of mandatory lifetime sex offender registration for nearly all Tier III offenses is a cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, section 13 of the Pennsylvania constitution?

Appellant's Brief at 5-9 (issues reordered to facilitate disposition) (headings, suggested answers, and unnecessary capitalization omitted).

Appellant first contends that "the trial court erred as a matter of law and abused its discretion in failing to provide that [Appellant] can have contact with R.C. only at R.C.'s desire after they are of the age of majority or pursuant to R.C.'s counselor's recommendation." *Id.* at 64.  Appellant's brief provides no law in support of his challenge to the "no contact provision," *see id.* at 64-65, and, accordingly, this claim is waived.  Pa.R.A.P. 2119(a) (argument shall include citation of authorities); *Kelly v. Carman Corporation*, 229 A.3d 634, 656 (Pa. Super. 2020) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, **supported**, or even intelligible argument[, t]he matter is waived for lack of development" (emphasis added)); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa.

Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention)).

Appellant's remaining claims concern his sexual offender registration requirements. Preliminarily, the question of whether current Subchapter H or Subchapter I of SORNA applies to Appellant is a crucial starting point. In the current case, Appellant committed his crimes between 2008 and 2015 – *i.e.*, both before and after December 20, 2012. According to **Commonwealth v. Alston**, 212 A.3d 526, 528, 530 (Pa. Super. 2019), "when an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA" and "the jury did not specifically find the date of the offenses," the application of Subchapter H is unconstitutional, as it "mirrors the version of SORNA found unconstitutional in" **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (plurality); "instead, the court should apply Subchapter I." However, **Alston** involves jury trial convictions, where "the jury did not specifically find the date of the offenses[.]" **Id.** at 527-28. In the current action, Appellant pleaded guilty, and this Court has not issued a published opinion applying **Alston** to a guilty plea involving a range of offenses straddling the operative dates of Subchapters H and I. Accordingly, we cannot assume that **Alston** applies to the current appeal.

"Appellant bore the burden of establishing the unconstitutionality of a statute, [and] it follows that Appellant was required to argue to the [lower] court which subchapter applies as a threshold for a constitutional challenge and to sustain his challenge with affirmative proof and legal support." ***Commonwealth v. Beard***, No. 3306 EDA 2019, unpublished memorandum at 17 (Pa. Super. filed December 30, 2020).[6]  In the current action, Appellant did not attempt to establish which subchapter applied.   Accordingly, uncertainty remains as to whether Appellant is actually subject to current Subchapter H or Subchapter I, and Appellant did not preserve any arguments in the trial court nor address these issues on appeal.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").  For these reasons, as in ***Beard***, No. 3306 EDA 2019, at 8, we affirm.

Judgment of sentence affirmed.

_____

[6] Pursuant to Pa.R.A.P. 126(b) (effective May 1, 2019):

> (1) As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 . . .

> (2) Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/17/2021*