J-S17019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTISE JAMES HOLT | : | |
| | : | |
| Appellant | : | No. 956 WDA 2022 |

Appeal from the PCRA Order Entered May 17, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013629-2014

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 26, 2023**

Appellant, Mattise James Holt, appeals *pro se* from the order entered on May 17, 2022, which dismissed his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant raped and sexually abused his minor biological daughter. Following a bench trial, the trial court found Appellant guilty of numerous crimes, including rape, statutory sexual assault, and incest.  On May 18, 2015, the trial court sentenced Appellant to serve an aggregate term of 208 to 416 months in prison, followed by five years of probation, for his convictions. Further, the trial court designated Appellant a sexually violent predator ("SVP") and ordered that Appellant was subject to the lifetime registration and notification provisions of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41.

Appellant filed a notice of appeal to this Court and, on appeal, we affirmed Appellant's judgment of sentence, but vacated the SVP order and remanded the case "for the sole purpose of issuing the appropriate notice to Appellant under [Subchapter H of SORNA,] 42 Pa.C.S.A. § 9799.23[,] that he is required to register for life." *Commonwealth v. Holt*, 181 A.3d 1216 (Pa. Super. 2017) (unpublished memorandum) at 1-6. On February 1, 2018, the trial court entered an order declaring: "pursuant to instruction from the Superior Court of Pennsylvania, [the trial court] notifies [Appellant] that he is hereby subject to lifetime registration under [Subchapter H of SORNA,] 42 Pa.C.S.A. § 9799.23." Trial Court Order, 2/1/18, at 1.

On May 22, 2018, Appellant filed a timely, first PCRA petition. The PCRA court appointed counsel to represent Appellant and counsel filed an amended petition on Appellant's behalf. Within Appellant's amended petition, Appellant claimed that his trial counsel (hereinafter "Trial Counsel") was ineffective for a variety of reasons, including "making material misrepresentations which induced and culminated in an unknowing, unintelligent and involuntary waiver of a jury." Amended First PCRA Petition, 8/27/18, at ¶¶ 37-50.

Following a hearing, the PCRA court denied Appellant's petition. Appellant then filed a notice of appeal to the Superior Court. On January 23, 2020, we affirmed the PCRA court's order and held that Trial Counsel was not ineffective when he advised Appellant to waive his right to a jury trial. *Commonwealth v. Holt*, 226 A.3d 651 (Pa. Super. 2020) (non-precedential decision) at 1-11. However, we *sua sponte* vacated the trial court's February

1, 2018 order, which declared that Appellant was subject to lifetime registration under Subchapter H of SORNA, 42 Pa.C.S.A. § 9799.23. As we held, this portion of Appellant's sentence was illegal because Appellant "committed his registerable offenses between January 1, 2009 and January 14, 2014, a time period which straddles the operative dates for Subchapters H and I of SORNA . . . and the factfinder fail[ed] to make a specific finding as to when the offenses occurred." *Id.* at 15. In accordance with *Commonwealth v. Alston*, 212 A.3d 526 (Pa. Super. 2019), we held that Appellant was "entitled to the lowest punishment;" we thus vacated Appellant's "SVP order and remand[ed] the case to the trial court for the imposition of SORNA requirements under Subchapter I." *Id.* at 16. On July 10, 2020, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and, on September 11, 2020, the trial court resentenced Appellant in accordance with this Court's January 23, 2020 directive. *Commonwealth v. Holt*, 237 A.3d 384 (Pa. 2020).

According to the PCRA court, "[o]n March 25, 2021, Appellant mailed to [the PCRA court's] chambers a PCRA petition." PCRA Court Opinion, 10/25/22, at 3. This petition was not docketed and is not found in the certified record. However, according to the PCRA court, the petition claimed that Trial Counsel was disbarred as an attorney some time after Appellant's first PCRA petition was dismissed. According to Appellant, Trial Counsel's "disbarment [constitutes] after-discovered evidence" that entitles Appellant to a new PCRA hearing or trial. *Id.* at 4.

- 3 -

On July 6, 2021, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 7/6/21, at 1; *see also* Pa.R.Crim.P. 907(1). As the PCRA court explained: "[the PCRA c]ourt granted [Appellant] additional time to amend his PCRA petition or inform the court that no amendment shall be forthcoming. [Appellant] failed to respond. Therefore, on May 16, 2022, [the PCRA] court dismissed the PCRA petition." PCRA Court Opinion, 10/25/22, at 3.

Appellant filed a timely notice of appeal. He raises two claims on appeal:

> 1. Is [Appellant] entitled to a new trial or remand for an evidentiary hearing based upon the newly discovered evidence of [Trial Counsel's] disbarment after his first timely PCRA petition was litigated, thus, constituting after-discovered facts. Moreover, [Appellant's] right to fundamental fairness under the due process clause of the Fourteenth Amendment was violated by the failure to issue an evidentiary hearing?
>
> 2. Did the PCRA court err when it dismissed [Appellant's] second PCRA petition without a hearing when it concluded that he did not meet the standard set under ***Commonwealth v. Pagan***, 950 A.2d 270 (Pa. 2008)?

Appellant's Brief at 3.

Appellant claims that the PCRA court erred when it dismissed his second PCRA petition without holding an evidentiary hearing. However, Appellant did not file this petition and the petition is not contained in the certified record. As such, Appellant's claims on appeal are waived. ***Commonwealth v. Saranchak***, 675 A.2d 268, 275 (Pa. 1996) ("[i]t is appellant's responsibility

to ensure that any relevant related matter be filed or made part of the original record" and, where appellant fails to ensure that the certified record is sufficient to review the claims raised on appeal, the claims are waived); ***Commonwealth v. Kennedy***, 868 A.2d 582, 593 (Pa. Super. 2005) ("this Court may not consider anything that is not part of the official certified record: [a]ny document which is not part of the official certified record is considered to be non-existent, which deficiency may not be remedied by inclusion in the reproduced record") (quotations and citations omitted).

Further, even if Appellant's claims were not waived and even if Trial Counsel's disbarment could constitute a "newly-discovered fact" under the PCRA's timeliness exception, affirmance would still be proper because this fact would not entitle Appellant to relief on an after-discovered evidence claim. As the Pennsylvania Supreme Court has explained:

> To obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Pagan***, 950 A.2d at 292.

As the PCRA court explained, Appellant can find no relief on an after-discovered evidence claim:

> Appellant alleged in his [first] PCRA [petition] that [Trial Counsel] improperly coerced him into waiving his right to a jury trial. The issue of jury waiver is not new. In fact, Appellant alleged [ ] in his first PCRA petition that [Trial

Counsel] was ineffective regarding his advice on jury waiver. The evidence of disbarment merely corroborates Appellant's testimony that [Trial Counsel] was ineffective. In addition, Appellant admits in his PCRA [p]etition that the disbarment would be used to impeach [Trial Counsel's] credibility with respect to his testimony at the PCRA hearing. Furthermore, since the Superior Court affirmed [the PCRA court's] dismissal of Appellant's first PCRA [petition], finding no merit to Appellant's claim of ineffectiveness, the fact of counsel's subsequent disbarment would not likely result in a different outcome.

PCRA Court Opinion, 10/25/22, at 5 (citations omitted).

We agree. Therefore, we affirm the PCRA court's order, which dismissed Appellant's second PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2023