J-S43008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARFIELD HARRIS | : | |
| | : | |
| Appellant | : | No. 1069 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 3, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001469-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 21, 2025**

This case returns to this Court following the Pennsylvania Supreme Court's September 24, 2024 order granting the Commonwealth's petition for allowance of appeal, vacating a portion of this Court's March 27, 2023 order, and remanding for our reconsideration in light of ***Commonwealth v. Torsilieri***, 316 A.3d 77 (Pa. 2024). ***Commonwealth v. Harris***, ___ A.3d ___, 2024 WL 4272547 (Pa. Sept. 24, 2024) (*per curiam*). Following remand, we conclude that ***Torsilieri*** controls this case and affirm the trial court's judgment of sentence, including the imposition of sexual offender registration requirements pursuant to Subchapter H of SORNA, applicable to offenses occurring after December 20, 2012.[1]

---

[1] 42 Pa.C.S. §§ 9799.10-9799.42, ***see also id.*** at § 9799.11(c) (providing that Subchapter H is applicable to individuals who commit offenses on or after December 20, 2012).

The relevant facts and procedural history are as follows. In the fall of 2020, M.L. ("Victim") revealed to his mother ("Mother") that Appellant, Garfield Harris, Mother's former paramour, had sexually abused Victim. According to Victim, Appellant began abusing Victim when Victim was approximately 6 or 7 years old, and the abuse continued until he was at least 10 years old.

On November 16, 2021, a jury convicted Appellant of Rape of a Child, Indecent Assault, Endangering the Welfare of Children, Involuntary Deviate Sexual Intercourse ("IDSI") with a Child, and Corruption of Minors. The jury found that Appellant had engaged in "a course of conduct" related to the charges of Indecent Assault, Endangering the Welfare of Children, and Corruption of Minors but did not make any specific findings as to the dates of the course of conduct. Verdict, 11/16/21, at 2-3.

On February 3, 2022, the trial court sentenced Appellant to an aggregate term of 15 to 30 years' incarceration followed by five years of probation. The court also ordered Appellant to register as a "Tier 3" sexual offender but did not specify whether Appellant was subject to Subchapter H or the less onerous requirements of Subchapter I of SORNA. Trial Ct. Order, 2/3/22. However, as only Subchapter H is denominated using "Tiers," 42 Pa. C.S. § 9799.14, it appears that the trial court intended to impose registration requirements under Subchapter H. Indeed, in its February 1, 2023 Supplemental Pa.R.A.P. 1925(a) Opinion, the trial court clarified its intent to impose registration under Subchapter H. The court explained that Subchapter

H applied given that Victim was born in April 2003 and testified that the abuse ended when Victim "was ten or eleven years of age," which supported the conclusion that the abuse "extended into 2013[,]" when Victim turned ten years old.  Trial Ct. Op., 2/1/23, at 2.

Following the trial court's denial of Appellant's amended post-sentence motion, Appellant filed a notice of appeal on April 13, 2022.  Appellant raised various challenges to his judgment of sentence, including challenging the legality of the trial court's imposition of sexual offender registration under Subchapter H.

On March 27, 2023, this Court affirmed the judgment of sentence in all respects other than the portion of the judgment imposing Subchapter H sexual offender registration requirements, which we vacated based upon this Court's prior decision in *Commonwealth v. Alston*, 212 A.3d 526 (Pa. Super. 2019), *appeal granted, order vacated*, 321 A.3d 868 (Pa. 2024).[2]  *Commonwealth v. Harris*, 296 A.3d 636 (Pa. Super. 2023) (unpublished decision).

Relevantly, this Court in *Alston* required the imposition of the registration requirements of Subchapter I of SORNA, rather than the more onerous requirements of Subchapter H, "when an appellant's offenses straddle the effective dates of Subchapters H and I," unless the jury made a "specific

_____

[2] Specifically, this Court rejected Appellant's challenges to the trial court's denial of his motion to strike two jurors and the sufficiency of the evidence in support of his convictions.  As the Supreme Court denied Appellant's cross-petition for allowance of appeal, we do not revisit these arguments. *Commonwealth v. Harris*, 220 MAL 2023 (Pa. Oct. 4, 2023).

finding" regarding the dates of the relevant offenses. **Alston**, 212 A.3d at 530. Our holding in **Alston** relied upon the assumption that Subchapter H's registration requirements were punitive, which in turn required compliance with constitutional safeguards governing sentences including those set forth in **Alleyne v. United States**, 570 U.S. 99 (2013), which instructed that "any fact that increases [a] mandatory minimum sentence for [a] crime is considered [an] element of crime to be submitted to [the] factfinder and found beyond reasonable doubt[.]" **Alston**, 212 A.3d at 529-30. Thus, bound by **Alston**, we concluded in the instant case that the trial court's imposition of Subchapter H's registration requirements was invalid in the absence of a jury finding that Appellant's offenses occurred after December 20, 2012.

As noted, on September 24, 2024, the Supreme Court granted the Commonwealth's petition for allowance of appeal in the instant case and vacated "the portion of [this] Court's order vacating [Appellant's] judgment of sentence" and remanded for our reconsideration in light of **Torsilieri**.[3] **Harris**, 2024 WL 4272547.

On remand, we address only the following question upon which we previously granted relief:

> Whether the trial court's imposition of sexual offender registration is illegal since Appellant's alleged conduct straddles the effective dates of Subchapters H and I, the jury never made a finding as to

---

[3] The Supreme Court also vacated the decision in **Alston**, which it remanded to the trial court rather than this Court. **Commonwealth v. Alston**, 321 A.3d 868 (Pa. 2024) (*per curiam)*.

offense dates, and Subchapter H's more restrictive provisions are unconstitutional even if they apply over Subchapter I.

Appellant's Brief at 7.

In this question, Appellant challenges the legality of his sentence on two bases. First, he claims that the trial court's imposition of Subchapter H's sexual offender registration requirements is illegal because the jury did not expressly find that Appellant committed the offenses after December 20, 2012, as he claims is required for application of the more onerous requirements of Subchapter H. *Id.* at 33-34. Alternatively, if Subchapter H applies, he argues that Subchapter H's registration requirements are unconstitutional based upon "the same claims as in *Torsilieri*." *Id.* at 36.

Appellant's challenges to the legality of his sentence present questions of law for which our scope of review is plenary and our standard of review is *de novo*. *See Torsilieri*, 316 A.3d at 86.

Upon review, we conclude that both of Appellant's challenges are controlled by the Supreme Court's decision in *Torsilieri*. In *Torsilieri*, the Supreme Court concluded that Torsilieri "failed to meet his burden in demonstrating that Subchapter H constitutes criminal punishment." *Id.* at 110. Based upon this conclusion, the Court also held that the defendant's "derivative constitutional challenges" failed as they were predicated on the now-rejected "threshold factor" that Subchapter H constituted criminal punishment. *Id.* The Supreme Court also concluded that the defendant "failed to meet his burden to establish that Subchapter H's irrebuttable

presumption, that sex offenders pose a high risk of reoffense, is constitutionally infirm." *Id.*

Relevantly, one of the derivative constitutional challenges raised by Torsilieri and rejected by the Court was that Subchapter H "infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt." *Id.* at 82 (citing *Alleyne* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), 110. The Supreme Court's rejection of this challenge undermines Appellant's first claim in the instant case, in which he relied upon *Alleyne*, *Apprendi*, and *Alston* to argue that he should be subject to the lesser requirements of Subchapter I, rather than Subchapter H, absent a jury determination that his offenses occurred after December 20, 2012. Appellant's Brief at 33-34. In light of the Supreme Court's rejection of the underlying *Apprendi* and *Alleyne* claim in *Torsilieri*, we likewise reject Appellant's claims. We instead conclude that the trial court did not err in subjecting Appellant to Subchapter H registration requirements where Victim's testimony supported the court's conclusion that Appellant's "sexual abuse extended into 2013." Trial Ct. Op. at 2.

Appellant second argument likewise fails as he explicitly stated that he "makes the same claims as in *Torsilieri* regarding the constitutionality of Subchapter H." Appellant's Brief at 36. As we are bound by the Supreme Court's rejection of these claims in *Torsilieri,* we affirm the trial court's

imposition of Subchapter H's sexual offender registration requirements on Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/21/2025