J-S37038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL FLUELLING II | : | |
| | : | |
| Appellant | : | No. 2986 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 22, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007394-2019

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED APRIL 7, 2025**

Michael Fluelling II ("Fluelling") appeals from the judgment of sentence following his jury convictions of one count each of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, indecent assault — person less than 13, and corruption of minors.[1] We affirm the convictions but vacate the judgment of sentence in part and remand for resentencing.

We take the underlying facts and procedural history in this matter from our review of the certified record and the trial court's February 2024 opinion. The charges in this matter arose from Fluelling's repeated sexual assaults of

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3126(a)(7), 6301(a)(1)(ii).

his ten-to-twelve-year-old stepdaughter ("the victim") from 2014 to 2017. *See* Trial Court Opinion, 2/28/24, at 1.

Of pertinence to the instant appeal, at trial the victim testified, without objection, that she was sexually abused by Fluelling. Further, the victim was the first witness to testify about her initial disclosure of the sexual abuse to Ms. Fyock ("Ms. Fyock"), a Children's Hospital of Philadelphia ("CHOP") social worker, also without objection. *See* N.T., 3/14/23, at 99-101. Likewise, Dr. Mercedes Marie Blackstone ("Dr. Blackstone"), an emergency room physician at CHOP testified regarding her examination of the victim. *See* N.T., 3/14/23, at 157-73. During her testimony, Dr. Blackstone testified, without objection, the victim had suicidal ideation and reported, during an interview with Courtney Fyock, Fluelling sexually assaulted her years earlier. *See id*. at 166-67. Dr. Blackstone testified after the victim, but prior to Ms. Fyock.

Ms. Fyock testified part of her role at CHOP was to assess children with behavioral or mental health issues, as well as suspected child abuse and neglect. *See* N.T., 3/15/23, at 7. She stated that, during a one-on-one interview with the victim, the victim began crying and disclosed Fluelling's sexual abuse. *See id*. at 9-10.

Following trial, the jury convicted Fluelling of the above-cited offenses. The trial court subsequently sentenced Fluelling to an aggregate term of twenty-seven to fifty-four years in prison to be followed by sixteen years of

probation.[2]   The court also ordered Fluelling to comply with lifetime registration requirements under Revised Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA").[3]   Fluelling filed a timely post-sentence motion, which the trial court denied.  This appeal followed.[4]

On appeal, Fluelling raises three issues for our review:

> I) Whether the trial court erred by allowing a social worker to testify to the [victim's] out-of-court statements implicating [] Fluelling since the statements do not qualify under the medical diagnosis or treatment exception to the rule against hearsay?
>
> II) Whether the imposition of sexual offender registration is illegal, and [] Fluelling is entitled to less restrictive Subchapter I requirements since the jury never made any offense date findings, and in any event, Subchapter H's more restrictive requirements are unconstitutional?
>
> III) Whether the forty-three-year total sentence for rape (count nine) is illegal since it exceeds the applicable forty-year statutory maximum?

Fluelling's Brief at 5 (italicization omitted).

Fluelling's first issue asserts the admission of hearsay.  The admissibility of evidence

> is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion.  An abuse of discretion may not be found merely because an appellate court might have reached

---

[2] The court's sentence included a twenty- to forty-year term of imprisonment for rape of a child followed by three years of consecutive probation.  **See** Trial Court Opinion, 2/28/24, at 3.

[3] **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.

[4] Fluelling and the trial court complied with Pa.R.A.P. 1925.

a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) (internal quotation marks and citations omitted). The Pennsylvania Rules of Evidence provide "[a]ll relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.

In addition,

[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

*Johnson*, 42 A.3d at 1035 (internal quotation marks and citations omitted).

During Ms. Fyock's testimony about her employment and her duties at CHOP, the following exchange occurred:

[THE COMMONWEALTH]: And what specifically do you remember [the victim] disclosing to you about sexual abuse?

[DEFENSE COUNSEL]: Objection, Judge. Hearsay.

THE COURT: Could you repeat the question?

[THE COMMONWEALTH]: I said what does she remember [the victim] specifically disclosing to her about the child abuse?

THE COURT: Sidebar.

* * *

[Sidebar discussion]

THE COURT: I'm assuming your question goes towards the consistency of the statements that [the victim] made, [that the victim] already testified to?

- 4 -

[THE COMMONWEALTH]: Yes, Judge. And it's obviously statements made for medical diagnosis or treatment.

[DEFENSE COUNSEL]: I mean, she's not a doctor though. She's a social worker.

[THE COMMONWEALTH]: Doesn't matter. Whoever she makes the statements to at the hospital.

* * * * *

THE COURT: Yeah. All right. I'm going to allow it. . . .

* * * * *

[On the record]:


 [THE COMMONWEALTH]: Okay. What do you remember [the victim] disclosing to you about her sexual abuse?

* * * * *

[MS. FYOCK]: . . . she told me **that her stepfather** had been sexually abusing her for about a year, that he touched her bare breast and performed oral sex on her as well as kind of taught her -- introduced her to pornography.

N.T., 3/15/23, 10-13 (emphasis added).

On appeal, Fluelling argues the identity of the abuser does not fall under the exception for statements made for medical diagnosis or treatment. **See** Pa.R.E. 803(4); Fluelling's Brief at 11-15 (citing **Commonwealth v. Smith**, 681 A.2d 1288, 1293 (Pa. 1996)).

The trial court determined the identity of the perpetrator was admissible under the medical diagnosis or treatment exception. **See** Trial Court Opinion,

2/28/24, at 27-32. After a thorough review of the certified record, we affirm the denial of relief on grounds other than those relied upon by the trial court.[5]

Fluelling's claim does not merit relief because, even if the testimony was hearsay, any error in the admission of the testimony was harmless. The harmless error doctrine "reflects the reality that the accused is entitled to a fair trial, not a perfect trial." ***Commonwealth v. Hairston***, 84 A.3d 657, 671 (Pa. 2014).

> Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Id***. at 671–72.

Here, as noted above, ***prior to*** Ms. Fyock's testimony, both the victim and Dr. Blackstone testified without objection as to the disclosure of Fluelling's sexual assault to the social worker. ***See*** N.T., 3/14/12, at 99-101; 166-68. Thus Ms. Fyock's testimony regarding Fluelling's identity was wholly cumulative of both witnesses' prior testimony. Fluelling did not object to the same testimony with the two prior witnesses. ***See*** N.T., 3/14/23, at 99-101,

---

[5] ***See Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (stating it is well-settled where the result is correct, we may affirm a lower court's decision on any ground whether relied upon by that court).

166-68; N.T., 13/15/23, at 13-14. Thus, even if the trial court erred in allowing Ms. Fyock to testify regarding the identity of the perpetrator, any error was harmless. **See Hairston**, 84 A.3d at 671-72. Fluelling's first issue does not merit relief.

In his second issue, Fluelling argues:

> The imposition of sexual offender registration is illegal, and [] Fluelling is entitled to less onerous Subchapter I requirements. The jury never made any offense date findings, and in any event, Subchapter H's more restrictive and punitive provisions are unconstitutional.

Fluelling's Brief at 16 (italics removed); **see id**. at 16-23.

After the filing of this appeal, our Supreme Court issued its decision in **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) ("**Torsilieri II**"). The Court found Torsilieri "failed to meet his burden to establish that Subchapter H's irrebuttable presumption, that sex offenders pose a high risk of re-offense, is constitutionally infirm." **Id**. at 110. The Court likewise determined Torsilieri did not "meet his burden in demonstrating that Subchapter H constitutes criminal punishment." **Id**.

In sum, our Supreme Court has plainly stated the irrebuttable presumption that adult sex offenders pose a high risk of reoffending does not violate due process, and SORNA's Revised Subchapter H registration requirements are not punitive in nature and do not constitute cruel and unusual punishment. **Id**. at 99-100, 103-110. As our Supreme Court's analysis in **Torsilieri II** is dispositive of the issues raised by Fluelling, we

discern no error on the part of the trial court in imposing Revised Subchapter H of SORNA's lifetime registration requirements on him.[6]  Fluelling's second issue does not merit relief.

In his final issue, Fluelling challenges the legality of his sentence for rape of a child, arguing the three-year probationary sentence imposed to follow his sentence of twenty to forty years in prison renders the sentence illegal because 42 Pa.C.S.A. § 9718.5, the statute authorizing the three-year probation, did not take effect until **after** Fluelling committed the instant offenses.  **See** Fluelling's Brief at 23-24.  The Commonwealth agrees.  **See** Commonwealth's Amended Brief at 18-21.  The trial court disagreed, arguing the three-year probationary tail was legal pursuant to 42 Pa.C.S.A. § 9718.5.  **See** Supplemental Opinion, 7/19/24, at 1 n. 1.

---

[6] Fluelling's reliance on **Commonwealth v. Alston**, 212 A.3d 526 (Pa. Super. 2019), for the proposition that he is subject to the reporting requirements of Subchapter I rather than Subchapter H is wholly without merit.  **See** Fluelling's Brief at 16-17.  In **Alston**, the defendant's crimes bridged the time periods during which Subchapters H and I applied.  **See id**.  The jury did not make any specific findings as to the date of the offenses, and we held, under those circumstances, the defendant was entitled to the less restrictive requirements of Subchapter I.  **See id**. at 530.  Here, while the jury did not make any specific findings as to the dates of the offenses, the victim's mother testified she did not meet Fluelling until late 2012 or early 2013.  Subchapter I only applies to offenses which took place before December 20, 2012.  **See** N.T., 3/14/23, at 176; 42 Pa.C.S.A. §§ 9799.51-9799.75.  Thus, **Alston** provides no basis for relief.  In any event, we note the Pennsylvania Supreme Court vacated this Court's decision in **Alston** and remanded for reconsideration in light of its decision in **Torsilieri II**, **supra**.  **See Commonwealth v. Alston**, 321 A.3d 868 (Pa. 2024).

Fluelling's claim constitutes a nonwaivable challenge to the legality of his sentence. *See Commonwealth v. Succi*, 173 A.3d 269, 285 (Pa. Super. 2017) ("Legality of sentence issues occur . . . when [*inter alia*]. . . the sentence imposed is patently inconsistent with the sentencing parameter set forth by the General Assembly") (citation omitted). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019) (citation omitted).

Section 9718.5 of the Judicial Code requires the sentencing court to impose a consecutive probationary term of three years, in addition to any lawful sentence imposed for the crime, upon persons convicted of certain sexual offenses.[7]

_____

[7] Section 9718.5 provides in pertinent part:

> § 9718.5. **Mandatory period of probation for certain sexual offenders**
>
> (a) **Mandatory probation supervision after release from confinement.**—A person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court.
>
> (b) **Imposition.**—The court may impose the term of probation required under subsection (a) in addition to the

*(Footnote Continued Next Page)*

Our Supreme Court has stated:

> In order for a criminal or penal law to be deemed an *ex post facto* law, two critical elements must be met: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.

***Commonwealth v. Rose***, 127 A.3d 794, 799 (Pa. 2015) (quotations marks and citation omitted).

Here, Fluelling's abuse of the victim ended in 2017. Section 9718.5 did not take effect until April 2018. The application of the statute to Fluelling is thus retrospective. Additionally, the consecutive three-year probationary sentence disadvantaged him, in that it constituted additional punishment beyond the statutory maximum imposed on this count. As the two "critical elements" are present, applying Section 9718.5 to Fluelling constitutes an *ex post facto* violation as it relates to the present timeline. Thus, the trial court's sentence of twenty to forty years in prison followed by three years of probation for rape of a child is illegal. ***See Commonwealth v. Bent***, 258 A.3d 543 (Pa. Super. 2021) (unpublished memorandum at *8) (holding application of Section 9718.5 to sentence for offenses which took place before its effective

---

maximum sentence permitted for the offense permitted for the offense for which the defendant was convicted.

42 P.A.C.S.A. § 9718.5(a), (b).

date constituted an *ex post facto* violation resulting in an illegal sentence);[8]

***Commonwealth v. Kinley***, 251 A.3d 1239 (Pa. Super. 2021) (unpublished memorandum at **6-7) (same).

Accordingly, we vacate the portion of Fluelling's sentence for rape of a child imposing a consecutive three-year period of probation following his term of imprisonment for that crime. Because our decision impacts the trial court's overall probationary sentence, we remand for resentencing solely with respect to probation. In all other respects, we affirm Fluelling's conviction and judgment of sentence.

Convictions affirmed. Judgment of sentence vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2025

---

[8] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

- 11 -