J-S12029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :

               v.                            :

TIMOTHY ALLEN HOFFMAN       :

           Appellant       :    No. 2425 EDA 2019

Appeal from the Judgment of Sentence Entered May 17, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001065-2018

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:         **FILED FEBRUARY 24, 2021**

Timothy Allen Hoffman (Appellant) appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas, following his plea of *nolo contendere* to indecent assault of a complainant less than 13 years of age[1] (indecent assault).  Appellant was also directed to register for life under the Pennsylvania Sexual Offenders Registration and Notification Act[2] (SORNA), although the record does not indicate whether a particular

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

[2] 42 Pa.C.S. §§ 9799.10 to 9799.75.

subchapter was applied.[3] Relying on **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) — which was decided during the pendency of this appeal — Appellant presents one issue on appeal: whether **Subchapter H** of SORNA is unconstitutional. After careful review, we conclude that because the date of his sole underlying offense was not established, Appellant is entitled to the lower reporting requirements found in **Subchapter I** of SORNA.[4] Thus, Appellant's challenge to Subchapter **H** merits no relief. Nevertheless, we affirm in part, vacate in part, and remand with instructions.

Appellant committed years-long sexual abuse of his grandchild, when the grandchild was three to 11 years old. N.T. Sentencing, 5/17/19, at 23. He was charged with indecent assault and related offenses. We note that with respect to the indecent assault count, the information did not allege a specific date of commission, but rather averred the underlying conduct was committed "[b]etween January 22, 2006 and November 20, 2013." Information, 5/22/18, at 1.

---

[3] As will be discussed **infra**, Subchapter H of SORNA (Sections 9799.10 to 9799.42) applies to a defendant who committed sexual offenses after December 20, 2012, while Subchapter I (Sections 9799.51 to 9799.75) applies to a defendant who committed sexual offenses between April 22, 1996, and December 20, 2012. 42 Pa.C.S. §§ 9799.11(c), 9799.52(1).

[4] **See Commonwealth v. Alston**, 212 A.3d 526, 530 (Pa. Super. 2019) ("[W]hen an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred.").

On August 22, 2018, Appellant pleaded *nolo contendere* to one count of indecent assault, graded as a felony of the third degree. At the plea hearing, the factual summary stated on the record was brief:

> If this were to proceed to trial . . . the Commonwealth would demonstrate that **between January 26, 2006 and November 20, 2013** in Monroe County, Polk Township, [Appellant] had indecent contact with [the victim], who [was] less than 13 years of age at that time.

N.T. *Nolo Contendere* Plea, 8/22/18, at 8-9. Although Appellant pleaded guilty to a single count, no further explanation was provided with respect to the date of the offense. Nevertheless, the court advised Appellant, without reference to any particular SORNA provision, that he would be subject to **lifetime** sexual offender's registration. *Id.* at 9-10.

Appellant then underwent a sexually violent predator (SVP) assessment by the Sexual Offenders Assessment Board (SOAB), which produced "a report indicating [Appellant] would meet the criteria" for classification as an SVP. N.T., 5/17/19, at 2. However, after this Court issued a decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*) — but before the Pennsylvania Supreme Court reversed the decision, *see Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020) (*Butler II*)— the

- 3 -

Commonwealth abandoned its intent to seek an SVP designation.[5]   N.T.,

5/17/19, at 2-3.

On May 17, 2019, the trial court sentenced Appellant to 18 to 72 months'

imprisonment.[6]   N.T., 5/17/19, at 26.   Again, there was no indication that

Appellant's plea was based on any particular offense date.   The court advised

Appellant he was "classified as a Tier 3 offender under Megan's Law[7] and is

subject to a lifetime registration requirement as set forth in . . . 42 Pa.C.S.A.

§ 9799.23 pertaining to Megan's Law."  *Id.* at 27.   We note this cited statute,

42 Pa.C.S. § 9799.23, appears under Subchapter H of SORNA, but does not

set forth any registration requirements.   Instead, that section provides, *inter*

*alia*, that "[a]t the time of sentencing, . . . the court shall inform the sexual

offender of the provisions of this subchapter."  42 Pa.C.S. § 9799.23(a).   On

the same day, Appellant also signed a form entitled "Notification of Megan's

---

[5] In **Butler I**, this Court concluded the SVP-determination scheme, under Section 9799.24(e)(3), violated **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013), and was thus unconstitutional.   **Butler II**, 226 A.3d at 976-77.   On March 26, 2020, however, our Supreme Court reversed, concluding the registration, notification, and counseling requirements for SVPs are not subject to **Alleyne** and thus pass constitutional muster.   **Id.** at 993.

[6] At the time of sentencing, Appellant was 71 years old.   N.T., 5/17/19, at 25.

[7] As will be discussed **infra**, SORNA replaced Megan's Law in 2012. Nevertheless, at the May 2019 sentencing hearing, the trial court referred to the registration statute as Megan's Law.

Law Sex Offender Registration Duties." This form did not refer to any particular SORNA statute nor set forth the particular registration requirements applicable to Appellant. Instead, in the form, Appellant merely acknowledged that his sex offender registration, reporting, and compliance obligations had been explained to him.

Appellant filed a timely post-sentence motion, arguing, *inter alia*, that SORNA should be found unconstitutional. Appellant pointed out that following the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017),[8] our legislature amended SORNA on February 21, 2018. Appellant's Motion to Reconsider Sentence, 5/24/19, at 2 (unpaginated). Appellant averred, however: "The amendments do not so substantially alter the nature or character of the requirements of SORNA such that it is non-punitive or that its constitutionality has changed." **Id.** Appellant relied on the Chester County Court of Common Pleas' then-recent decision in **Torsilieri**, which was pending review before the Pennsylvania Supreme Court. Appellant averred he was presenting "the same" issues as those raised in **Torsilieri**, including due process challenges to SORNA's "irrebuttable presumption that those convicted of enumerated offenses 'pose a high risk of committing

_____

[8] **See Muniz**, 164 A.3d at 1193 (holding: (1) SORNA's registration provisions constitute punishment notwithstanding the General Assembly's identification of the provisions as nonpunitive; and (2) retroactive application of SORNA's registration provisions violates *ex post facto* clauses of United States and Pennsylvania Constitutions) (opinion announcing judgment of the court).

- 5 -

additional sexual offenses.'" *Id.* at 3-4. While Appellant's post-sentence motion did not cite any particular section of SORNA, we note *Torsilieri* addressed only Subchapter H. *See Torsilieri*, 232 A.3d at 581 n.16 ("In [*Lacombe*, 234 A.3d 602,] we are reviewing a trial court's declaration of Subchapter I's provisions as punitive and thus, as an unconstitutional violation of the ex post facto clause, whereas, in the case at bar, **we consider only Revised Subchapter H**.") (emphasis added).

The trial court denied Appellant's post-sentence motion on July 19, 2019. Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[9]

---

[9] The trial court's Rule 1925(b) order was entered on the docket on August 21, 2019, and directed Appellant to file a statement within 21 days, or by Wednesday, September 11th. Appellant's statement was filed one day thereafter, on September 12th, and thus appears to be untimely. Upon closer review of the trial docket, however, we note that while service of the court's Rule 1925(b) order was made on the public defender's office *via* "Clerk of Court's Boxes" on August 21st, service was not made on Appellant's assistant public defender personally until August 22nd, by "eService." Criminal Docket, 9/25/19, at 20. *See* Pa.R.Crim.P. 114(C)(2) ("The docket entries shall contain . . . the date of service of the order or court notice."). When we calculate the 21-day filing period from the latter August 22nd notice date, Appellant's filing on September 12th is timely. *See Commonwealth v. Hess*, 810 A.2d 1249, 1254-55 (Pa. 2002) (declining to find waiver for failure to file court-ordered Pa.R.A.P. 1925(b) statement where trial docket sheet failed to indicate, in contravention of Pa.R.Crim.P. 114, date or manner of service to appellant).

Appellant presents seven issues, all challenging the constitutionality of Subchapter H of SORNA:

1. Whether the court erred when it found that SORNA does not deny . . . Appellant due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of the enumerated offenses [ ] "pose a high risk of committing additional sexual offenses" depriving those individuals of the fundamental right to reputation?

2. Whether the court erred when it found that SORNA does not deny . . . Appellant procedural due process under Article 11 of the Pennsylvania Constitution because it unlawfully impinges on the right to reputation without notice and an opportunity to be heard?

3. Whether th[e] court erred when it found that SORNA does not deny . . . Appellant procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

4. Whether the court erred when it found that SORNA does not violate substantive due process under the Pennsylvania and federal Constitutions, U.S. Const. Amend. XIV, Pa. Const. Art. I, § 1, because SORNA deprives individuals of inalienable rights and fails to satisfy strict scrutiny?

5. Whether the court erred when it found that SORNA does not constitute criminal punishment and therefore violates the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

6. Whether the court erred when it found that SORNA does not contravene the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution because as a criminal punishment, SORNA cannot be [i]mposed without due process, notice, and opportunity to con[t]est its imposition, and ensuring that each fact necessary to support the mandatory sentence is submitted to a jury and proven beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 266 (2000) and *Alleyne v. United States*, 1570 U.S. 99 (2013)?

7. Whether the court erred when it found that SORNA does not constitute criminal penalties and therefore the imposition of mandatory lifetime sex offender registration for nearly all of Tier III offenses is not cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments[ ] to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution?

Appellant's Brief at 7-9.

For ease of review, we first consider the legislative history of SORNA:

SORNA was originally enacted on December 20, 2011, effective December 20, 2012. Act 11 was amended on July 5, 2012, also effective December 20, 2012, and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, and, lastly, reenacted and amended on June 12, 2018[, known as Act 29]. Acts 10 and 29 of 2018 are referred to collectively as SORNA II. Through [SORNA II], the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. **Subchapter I applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012.** *See* **42 Pa.C.S.A. §§ 9799.51 [to] 9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.** *See* **42 Pa.C.S.A. §§ 9799.10 [to] 9799.42.**

*Commonwealth v. Asher*, ____ A.3d ____, ____, 2020 WL 7487519 at * 1 n.5 (Pa. Super. Dec. 21, 2020) (emphasis added and some citations omitted).

As discussed above, the record does not indicate the factual basis for the trial court's conclusion, and parties' agreement, that Appellant was subject to lifetime sexual offender registration. Furthermore, no mention was made of the applicable statutory authority, aside from reference, in the same sentence, to the long-ago expired statute, Megan's Law and to the statute in Subchapter H of SORNA as to what a trial court must undertake at sentencing.

*See* N.T., 5/17/19, at 27 ("[Appellant] is classified as a Tier 3 offender under Megan's Law and is subject to a lifetime registration requirement as set forth in . . . 42 Pa.C.S.A. § 9799.23[.]"); Notification of Megan's Law Sex Offender Registration Duties, 5/17/19. *See also* 42 Pa.C.S. § 9799.23; *Torsilieri*, 232 A.3d at 575 (Megan's Law I deemed unconstitutional in 1999), 576 (Megan's Law II enacted in 2000), 577 (SORNA adopted in 2012, replacing Megan's Law II).

On appeal, however, Appellant avers his "convictions subject him to lifetime registration" pursuant to 42 Pa.C.S. § 9799.55(b). Appellant's Brief at 66. That statute appears in Subchapter **I**. *See* 42 Pa.C.S. § 9799.55. Furthermore, pursuant to Section 9799.55(a), it appears Appellant's conviction of indecent assault, 18 Pa.C.S. § 3126(a)(7), a felony of the third degree, would trigger only a 10-year term of registration. *See* 42 Pa.C.S. § 9799.55(a)(1)(i)(A).

In any event, the remainder of Appellant's extensive, seven-issue, 55-page argument challenges the constitutionality of Subchapter **H**. *See* Appellant's Brief at 15-69. He discusses nine statutes under Subchapter H, but makes no further mention of any Subchapter I provision. *See id.* (discussing 42 Pa.C.S. §§ 9799.11, 9799.12, 9799.13, 9799.14, 9799.15, 9799.19, 9799.23, 9799.24, 9799.25).

As stated above, however, an offense may trigger Subchapter H or I, depending on the offense date:

> Subchapter I applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51 [to] 9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.10 [to] 9799.42.

**See Asher**, ___ A.3d ___, 2020 WL 7487519 at * 1 n.5. This Court has held "that when an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred." **Alston**, 212 A.3d at 530.

Here, both the criminal information and the oral factual summary at the plea hearing averred Appellant committed indecent assault between January of 2006 and November of 2013. N.T., 8/22/18, at 8; Information at 1. The Commonwealth did not allege — and the trial court did not make a finding of fact as to — any particular date of the offense. Accordingly, as Appellant's offense "straddle[s] the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I[.]" **See Alston**, 212 A.3d at 530. Thus, Appellant is not entitled to relief on his claims, all of which challenge the constitutionality of Subchapter H.

In any event, even if we were to apply Appellant's same arguments as a challenge to the constitutionality of Subchapter I, no relief would be due. In the recent decision of **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), the Pennsylvania Supreme Court held:

> Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded by [the defendants] necessarily fail. ***See Muniz***, 164 A.3d at 1208 ("Our decision regarding violation of [the *ex post facto*] clause depends on a determination of whether SORNA's retroactive application to [***Muniz***] constitutes punishment.").

***Lacombe***, 234 A.3d at 626-27.

In light of foregoing discussion, we vacate that portion of the judgment of sentence regarding Appellant's lifetime reporting requirements, and we remand the case to the trial court to instruct Appellant on his proper registration and reporting requirements. We affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part solely as to SORNA reporting requirements. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/24/2021*

- 11 -