J-S42014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID FREDERICK | : | |
| | : | |
| Appellant | : | No. 539 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 11, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000497-2013

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: FEBRUARY 27, 2023**

David Frederick appeals from his April 11, 2022 judgment of sentence of five years and four months to seventeen years of incarceration followed by three years of probation, which was imposed after a jury convicted him of endangering the welfare of children ("EWOC"), indecent assault, and related charges.  We affirm in part and vacate in part.

The Commonwealth charged Appellant with fifteen criminal offenses stemming from his protracted sexual abuse of his biological daughter that began when she was eleven or twelve years old and continued on a weekly basis until she was seventeen years old.  Based on the victim's date of birth and her testimony at trial, we discern that the offenses occurred from 2008

_____

[*] Retired Senior Judge assigned to the Superior Court.

until 2013.[1] Following a two-day jury trial on April 14 and 15, 2014, Appellant was convicted of two counts of EWOC and one count each of corruption of minors – sexual offense, indecent assault person less than sixteen years of age, and indecent assault – without the consent of other. Appellant was acquitted of the remaining charges. Since it is relevant to our disposition, we note that Appellant's convictions for EWOC and corruption of minors were charged as third-degree felonies, as opposed to first-degree misdemeanors, based on a "course of conduct" by Appellant. *See* 18 Pa.C.S. §§ 4304(b)(1)(i)-(ii), 6301(a)(1)(i)-(ii).

At the time of his conviction, Appellant was subject to registration as a sex offender under the Sexual Offender Registration and Notification Act ("SORNA") pursuant to 42 Pa.C.S. § 9799.13 as his convictions for indecent assault and corruption of minors were considered "sexually violent offenses" under the statute.[2] Consequently, Appellant was subject to assessment by the Sexual Offender Assessment Board ("SOAB") pursuant to 42 Pa.C.S.

_____

[1] The victim's trial testimony did not lend itself to discrete dates. Furthermore, the amended information did not allege a specific date of commission, but rather averred the underlying conduct was committed within this range as to each charge individually.

[2] Specifically, at the time of Appellant's conviction, his indecent assault – without the consent of other and corruption of minors' convictions were considered Tier I offenses. *See* 42 Pa.C.S. § 9799.14(b)(6), (8). His conviction for indecent assault – person less than sixteen years of age was classified as a Tier II offense. *See* 42 Pa.C.S. § 9799.14(c)(1.3).

§ 9799.24(a). On October 8, 2014, following an assessment and a hearing, the trial court determined Appellant to be a sexually violent predator ("SVP").[3]

On November 14, 2014, Appellant was sentenced to an aggregate term of sixty-two months to nineteen years of imprisonment. The trial court also designated Appellant as a Tier III lifetime registrant pursuant to SORNA due to his SVP designation. On direct appeal, this Court affirmed Appellant's judgment of sentence, and he did not seek further review. *See Commonwealth v. Frederick*, 136 A.3d 1031 (Pa.Super. 2016) (unpublished memorandum).

On July 3, 2017, Appellant filed a timely PCRA petition asserting various claims for relief. Following a hearing, the PCRA court issued an order and opinion denying the petition. Appellant timely appealed. In lieu of an appellate brief, the Commonwealth submitted a letter indicating that, *inter alia*, the parties agreed that Appellant was entitled to relief in the form of a resentencing. *See* Commonwealth's letter, 11/5/21, at 1. Specifically, the parties asserted that the jury was never properly charged with respect to the "course of conduct" element of EWOC and corruption of minors that was necessary to enhance those convictions from first-degree misdemeanors to third-degree felonies. *See Commonwealth v. Frederick*, 273 A.3d 1017

---

[3] SVPs have been convicted of a "sexually violent offense" and found to suffer from a mental abnormality or personality disorder that makes them more likely to engage in predatory sexually violent offenses. *See* 42 Pa.C.S. § 9799.55; *see also* 42 Pa.C.S. § 9799.12. As discussed further *infra*, however, Subchapter H and I of SORNA define "sexually violent offense" differently.

- 3 -

(Pa.Super. 2022) (non-precedential decision at 1-2). Since the jury should have been instructed that both crimes required the existence of a "course of conduct" by the defendant, this Court held that Appellant's sentence for these offenses graded as felonies could not stand. *See* 18 Pa.C.S. §§ 4304(b)(1)(ii), 6301(a)(1)(ii). In accordance with an agreement of the parties, we vacated Appellant's judgment of sentence while leaving his convictions intact and remanded for resentencing. *Id*. (non-precedential decision at 4).

In the years that had elapsed between Appellant's conviction and this Court's *vacatur* of his judgment of sentence, Pennsylvania adopted a bifurcated statutory scheme with respect to registration under SORNA. As reconstituted, Subchapter H applies to defendants who, *inter alia*, were convicted of committing sexually violent offenses on or after December 20, 2012. *See* 42 Pa.C.S. § 9799.10(4). By contrast, a newer statute, Subchapter I, applies to those defendants who were convicted of committing sexually violent offenses "on or after April 22, 1996, but before December 20, 2012." *See* 42 Pa.C.S. § 9799.52(1). The dates of Appellant's offenses arguably fall under both time periods. However, while his convictions remain sexually violent offenses under Subchapter H, they are not predicate offenses under Subchapter I.

On remand, the trial court filed an order indicating that no SVP re-assessment was necessary and directed that Appellant's SVP status under Subchapter H would remain unchanged. Appellant objected and averred that his registration status was properly governed by Subchapter I of SORNA and,

since he had not been convicted of a sexually violent offense enumerated under that statute, he should not be subject to lifetime registration as an SVP. The Commonwealth filed a response, admitting that if Subchapter I governed these proceedings, then there would be no SORNA consequences for his convictions. However, the Commonwealth contended that Appellant remained properly subject to Subchapter H, under which his registration status should remain unchanged. The trial court issued an order and opinion overruling Appellant's objection. In its opinion, the trial court agreed with the Commonwealth and found that because Appellant had committed criminal offenses which included conduct on or after December 20, 2012, he was properly subject to Subchapter H of SORNA and the previous registration requirements remained.

On April 5, 2022, Appellant appeared for resentencing. At the hearing, defense counsel renewed his objection to the registration requirements, arguing that because Appellant's offense dates straddled Subchapters H and I of SORNA, Subchapter I should apply pursuant to ***Commonwealth v. Alston***, 212 A.3d 526 (Pa.Super. 2019). ***See*** N.T., 4/5/22, at 3. The Commonwealth argued that ***Alston*** was no longer controlling, since post-***Commonwealth v. Butler***, 226 A.3d 972, 987 (Pa. 2020) ("***Butler II***"), SORNA requirements were no longer considered punitive. ***See*** N.T., 4/5/22, at 4-5. The trial court agreed with the Commonwealth, and found that, because the victim testified that the assaults continued into 2013, Subchapter H applied. ***Id***. at 13. Accordingly, the prior registration requirements

remained and the trial court resentenced Appellant to serve five years and four months to seventeen years' incarceration followed by three years of probation, which was the same sentence Appellant received previously. Afterwards, Appellant filed a motion to correct the grading of the offenses to comply with the remand from this Court. On May 5, 2022, the trial court issued an amended order, reducing the grading of the EWOC and corruption of minor offenses to first-degree misdemeanors, but leaving the sentence itself unchanged. The instant timely appeal followed. Both Appellant and the PCRA court have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I.   Whether the sentencing court erred in requiring [Appellant] to register as a Sexually Violent Predator pursuant to 42 Pa.C.S.A. § 9799.10, *et seq.*, where 42 Pa.C.S.A. § 9799.10, *et seq.* does not apply because the criminal information reflected a date range between June 1, 2008 and June 1, 2011, the record is void of indication that the criminal information had been amended, the jury did not make a specific finding as to the date of the crimes for which [Appellant] was convicted, [Appellant] was convicted of 18 Pa.C.S.A. § 3126(a)(8), complainant less than [sixteen] years of age, which means the offense would have had to occurred before complainant's [sixteenth] birthday on August 19, 2011 prior to the December 20, 2012 applicability date of 42 Pa.C.S.A. § 9799.10, *et seq.*, and therefore [Appellant] has not been convicted of a sexually violent offense?

II.  Whether the sentencing court erred in requiring [Appellant] to undergo a mandatory consecutive period of probation of [three] years pursuant to 42 Pa.C.S.A. § 9718.5 where [Appellant] has not been convicted of a sexually violent offense under 42 Pa.C.S.A. § 9799.14(d) because the criminal information reflected a date range between June 1, 2008 and June 1, 2011, the record is void of indication that

- 6 -

the criminal information was amended, the jury did not make a specific finding as to the date of the crimes for which [Appellant] was convicted, [Appellant] was convicted of 18 Pa.C.S.A. § 3126(a)(8), complainant less than [sixteen] years of age, which means that offense would have had to occurred before complainant's [sixteenth] birthday on August 19, 2011 prior to the December 20, 2012 applicability date of 42 Pa.C.S.A. § 9799.10, *et seq.*?

Appellant's brief at 13-14.

First, Appellant challenges his SVP status, arguing that he should not have been subject to SVP classification, or even SORNA registration at all, since he was not convicted of a sexually violent offense recognized under Subchapter I. **See** Appellant's brief at 27-32; **see also** 42 Pa.C.S. § 9799.55. The Commonwealth agrees that Appellant would not be required to register under Subchapter I, thus, his SVP designation would also be invalid. **See** Commonwealth's brief at 11. However, the Commonwealth contends that the trial court properly imposed Appellant's SVP designation and lifetime registration requirements pursuant to Subchapter H, under which Appellant **did** commit offenses subject to registration requirements.[4] **Id**. at 11-12; **see also** 42 Pa.C.S. § 9799.14. Thus, the resolution of Appellant's claim turns on which SORNA subchapter applies.

This Court has treated an argument that the trial court erred in requiring a defendant to register under current Subchapter H, rather than Subchapter

---

[4] Appellant agreed that his indecent assault convictions are both registerable offenses under Subchapter H. **See** Appellant's brief at 28.

I, as a challenge to the legality of the sentence. *See Alston*, *supra* at 528 (Pa.Super. 2019). Therefore, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Lutz-Morrison*, 143 A.3d 891, 894 (Pa. 2016).

By way of background, the iteration of SORNA that Appellant was subjected to, known as "SORNA II," was passed in response to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (holding that the registration provisions of the prior version of SORNA were punitive in nature), and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017) ("*Butler I*") (extending *Muniz* and invalidating SORNA's provisions governing SVP determinations). SORNA II divided sex offender registration into two categories, depending on the date that the underlying offense occurred. SVPs are subject to lifetime registration under both subchapters; however, the applicability of the SVP designation depends upon the commission of an eligible offense under the relevant subchapter.

Subchapter I applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S. §§ 9799.51 – 9799.75. Subchapter I contains less stringent reporting requirements and has been held to be non-punitive. *See Commonwealth v. Lacombe*, 234 A.3d 602, 626-627 (Pa. 2020) (finding Subchapter I of SORNA II was non-punitive and did not violate the constitutional prohibition against *ex post facto* laws). By contrast, Subchapter H applies to offenders who

committed an offense on or after December 20, 2012. *See* 42 Pa.C.S. §§ 9799.10 – 9799.42. Our Supreme Court has held that Subchapter H was non-punitive as applied to SVPs; the constitutionality of the registration requirements as applied to non-SVPs has not yet been considered by the Supreme Court. *See Butler II*, *supra* at 987 (finding the registration provisions of revised Subchapter H applicable to SVPs constitutional); *see also Commonwealth v. Torsilieri*, 232 A.3d 567, 572 (Pa. 2020) (declining to reach the merits of a constitutional challenge to the registration requirements of Subchapter H and remanding for further factual development of the record).

It is undisputed that Appellant's offense dates straddle the effective dates of Subchapters H and I, and that the jury did not specifically find the date of the offenses. We have previously held that "when an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA" and "the jury did not specifically find the date of the offenses," the application of Subchapter H is unconstitutional, as it "mirrors the version of SORNA found unconstitutional in" *Muniz*. *See Alston*, *supra* at 530. In those circumstances, we found that the court should apply Subchapter I. *Id*.

Citing *Alston*, Appellant alleges that since his offense dates "straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I." *Id*. at 530. We agree that *Alston* is directly on point. Thus, Subchapter I should apply to Appellant.

The Commonwealth acknowledges the precedent set by this Court in *Alston* but, relying on *Butler II*, contends that this decision should not be applied to SVPs. *See* Commonwealth's brief at 14. The Commonwealth points to the fact that the *Butler II* Court ensured that the procedure for designating defendants as SVPs remained constitutionally permissible and that no appellate courts have found the requirements of Subchapter H to be punitive. *Id*. at 15-16 (citing *Torsilieri*, *supra* at 594, 596). Since Subchapter H's requirements have not been held to constitute punishment, the Commonwealth contends that the trial court maintained the discretion to ascertain the applicable registration requirements. *Id*. at 19-20. We disagree.

The Commonwealth correctly observes that *Alston* relied, in part, on this Court's decision in *Butler I*, which our Supreme Court reversed in *Butler II*. However, *Butler II* reversed *Butler I* on the basis that the registration, notification, and counseling requirements of SORNA were not excessive when applied to SVPs and, therefore, did not constitute criminal punishment. *See Butler II*, *supra* at 993. The *Butler II* Court did not discuss or directly overrule *Alston*'s holding regarding offenses that straddle the effective date of current Subchapter H and I. Moreover, the Commonwealth has not cited any case overruling *Alston* and our own research has revealed none. Indeed, in our non-precedential holdings post-*Butler II*, we have continued applying the critical aspects of the *Alston* ruling to SVP appellants. *See*

*Commonwealth v. Shambaugh*, 2023 WL 395079 (Pa.Super. Jan. 25, 2023) (non-precedential decision at *3 n.3); *Commonwealth v. Schade*, 2022 WL 17756076 (Pa.Super. Dec. 19, 2022) (non-precedential decision at *6). Thus, *Alston* remains controlling precedent that we are bound to follow. *See Commonwealth v. Brigidi*, 6 A.3d 995, 1001 (Pa.Super. 2010) ("precedent (*stare decisis*) requires" adherence by a Superior Court panel "until it is reversed either by our Supreme Court or an *en banc* panel of Superior Court"). Since it is undisputed that Appellant's offense dates straddle the effective dates of Subchapters H and I of SORNA, we find that, pursuant to *Alston*, Appellant is entitled to the lower reporting requirements of Subchapter I. Appellant's offenses are not registerable offenses under Subchapter I, therefore, Appellant should not have been required to register or deemed an SVP. Thus, we vacate Appellant's SVP designation and SORNA reporting requirements.

In his second claim, Appellant challenges the imposition of the three-year mandatory period of probation pursuant to 42 Pa.C.S. § 9718.5, contending that he was not convicted of one of the offenses for which the mandatory three-year period is to be imposed. *See* Appellant's brief at 32-33. The Commonwealth agrees that Appellant was not convicted of an enumerated offense and that his three-year probationary term needs to be vacated. *See* Commonwealth's brief at 23. We concur.

Section 9718.5 provides in relevant part as follows:

A person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court.

42 Pa.C.S. § 9718.5(a).

Pursuant to the plain language of the above statute, only those convicted of offenses enumerated in subsection (d) of § 9799.14 are subject to imposition of this mandatory period of probation. Section 9799.14(d) enumerates the convictions that constitute "Tier III" offenses under SORNA Subchapter H. Regardless of the offense date, none of the offenses of which Appellant was convicted constitutes Tier III offenses pursuant to 9799.14(d). Accordingly, Appellant should not have been subject to this mandatory sentence and his illegal sentence must be set aside. Accordingly, in addition to Appellant's registration requirements and SVP designation, we also vacate Appellant's three-year term of probation. In all other respects, we affirm.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/2023

- 12 -